## Slingluff *versus* Eckel.

An agreement by a bidder at sheriff's sale of real estate to pay the judgment of another if the latter would not bid, the former being permitted to purchase the property at the sale, was fraudulent as to the debtor or his creditors, was void, and could not be enforced by suit.

ERROR to the Common Pleas of *Blair county*.

Action on the case by Eckel, Spangler & Raiguel against Levi Slingluff and another, administrators, &c., of John Belch, deceased.

John W. Potts was the owner of two tracts of land, which was bound by a number of judgments, including two in favor of the plaintiffs. In 1845, a writ of *vend. ex.* was issued upon a judgment in favor of Lex & Son, and one of the tracts was exposed to sale. A. Bunn, as agent of the plaintiffs, testified that he attended the sale, having been requested by the plaintiffs to bid for them. That during the sale, Belch agreed with him that if he would not bid upon the property, he, Belch, would see the judgment of the plaintiffs paid after the balance of Potts's land was sold. The agent did not bid, and Belch became the purchaser for $2000. The property was afterwards sold by Belch for about $2800. After distribution of the proceeds of sale of both properties, there was unpaid of the plaintiff's judgments above $500, and to recover the amount this suit was instituted.

TAYLOR, J., observing that it was objected that a contract such as this was contrary to public policy, and could not, in law, be enforced, referring to the case of Thompson *v.* Davis, 13 *Johnst.* 110, expressed doubts upon the subject; but charged that the action could be maintained. Such instruction was assigned for error.

*Blair*, for plaintiffs in error.—The agreement was against the

[Slingluff v. Eckel.]

policy of the law which encourages competition at public judicial sales, and was therefore void.

There is one class of cases which protects a purchaser against *fictitious bidding*. Reference was made to *Cowp*. 395, Bexwell v. Christie; 6 *Term Rep.* 644, Howard v. Castle; 3 *Ves.* 622; 2 *Car. & P.* 208; 15 *Mees. & W.*, Thoret v. Haines; 2 *Harris* 448, Pennock's Appeal; 4 *Id.* 203, Staines v. Shore.

Agreements by bidders to prevent competition cannot be enforced: 1 *Story's Eq.* 293; 2 *Johns. Cases* 29; 13 *Johns.* 112, Thompson v. Davis. In other cases it was *held* that where two or more persons united their means to purchase, the agreement was calculated to prevent competition, and was void: 6 *Johns.* 194; 8 *Id.* 443. To the contrary were the cases in 1 *W. & Ser.* Smull v. Jones; 3 *Met.* 384; 15 *Howard* 494.

Also cited 25 *Maine* 14; 5 *Houston* 87; 13 *Louisiana* 289.

*Hofius*, for defendant in error.—The plaintiffs were the next lien-creditors. There is no confidential relation between bidders: 1 *W. & Ser.* 136–7, Smull v. Jones. Though the sale to Belch may be void, the contract between him and the plaintiffs should be enforced: 1 *Jones* 207, Fox v. Cash. Though an illegal contract will not be executed, yet when the illegal object has been accomplished, the money or thing which was the product of it may be, as between the parties, a consideration for the promise: 5 *Barr* 81, Lestapies v. Ingraham, cited in the case of Fox v. Cash.

The opinion of the Court was delivered, October 1, by

BLACK, J.—The plaintiffs had a judgment against one Potts, which was a lien upon land about to be sold by the sheriff. They sent their agent to the sale with instructions to bid on it for them. The defendants' intestate was there also, and a bidder. He agreed to buy off the plaintiffs' competition by a promise that he would see their judgments paid if the proceeds of Potts' land were not sufficient for that purpose. Whereupon the agent did not bid, and Belch got the land at a price upwards of $500 less than what was sufficient to cover the plaintiff's judgment. This is a suit to recover the difference.

Can this contract be enforced? Is it not against public policy as well as good morals, and therefore void? We all think it is. A debtor, whose property is taken in execution, has a right to have it sold for the highest price that it will bring. If two persons be present who are both willing to give a certain sum, and one of them pays to the other a portion of what he would otherwise bid for the land, the owner is cheated exactly to that extent.

The debtor not being a party to the contract, nor assenting to it, we cannot perceive that it makes any difference whether the

[Slingluff *v.* Eckel.]

person thus bought off be a volunteer, expecting to pay his bid in cash, or a lien-creditor desiring to purchase, in order to save himself. Either way the debtor's interest may be sacrificed. Besides, there may be other creditors whose rights would be affected by it.

The point has never before been directly ruled in this Court, but we have often declared the general principle that all judicial sales must be open to free and fair competition. In more than one case we have decided that any device by which the purchaser at sheriff's sale gets land at an under price, is a fraud, which will make his title totally void.

It certainly follows from this that a contract to do that which must necessarily result in lowering the price and so defrauding the debtor or his creditors, must be void also. In several of the other states there have been cases so nearly like this that they are not to be distinguished. It is sufficient to mention Jones *v.* Caswell, 2 *Johns. Cases* 29, and Thompson *v.* Davis, 13 *Johns. Rep.* 112.

It is not now proper to decide how far several persons, who would otherwise bid against each other at sheriff's sale, may associate themselves together, unite their interests, and allow one to bid for all. What we do decree is, that one bidder cannot legally buy off another with money or the promise of money.

Judgment reversed and *venire facias de novo* awarded.