## Phelps et al. *v.* Benson, Appellant.

*Orphans' court sale—Fraudulent agreement amongst bidders.*

A purchaser at an orphans' court sale will not take a good title to the property, where he has agreed to pay the judgment of another person, if the latter will not bid.

*Evidence—Records of orphans' court—Fraud.*

Although, as a general rule, the record and decrees of the orphans' court cannot be impeached in a collateral proceeding, an exception to the general rule is where it is alleged that the decree was obtained by fraud.

Argued April 23, 1894. Appeal, No. 354, Jan. T., 1893, by William Benson, from judgment of C. P. Erie Co., Sept. T., 1889, No. 16, on verdict for plaintiffs, Sarah Phelps and L. F. Phelps, her husband, et al., widow and heirs of James F. Benson, deceased. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Ejectment. Before GUNNISON, P. J.

At the trial it appeared that James F. Benson died intestate on March 15, 1885, seized of the land in controversy. At the time of his death three judgments were liens upon the land.

The first one was for $2,072.65, and was held by Wm. Benson; the second one was for $560.58, and was held by Theodore W. Barton; the third one was for $1,732.37, and was held by William Benson. The widow of decedent took out letters of administration, and obtained an order from the orphans' court for sale of real estate for payment of debts in 1886. There was evidence to the effect that Benson persuaded Barton's agent not to bid, promising to pay Barton's lien if he would not bid. This was denied by defendant's evidence. The land was sold to defendant for $1,850.

Plaintiffs' points were as follows:

1. Recited in opinion of Supreme Court. [1]

"2. If the jury find that the land was worth $3,000; or thereabouts, and the defendant was enabled to purchase it for $1,850 by reason of an illegal contract made by him with Kelley, agent for Barton, and which has since been declared void by this court and the Supreme Court, in Barton v. Benson, 126 Pa. 431, an action to recover the amount of Barton's judgment upon said contract, in which the defendant set up the illegality of said contract as a defence, the sale to the defendant is void and no title passed to him." Affirmed. [2]

"3. If the jury find that Kelley, agent for Barton, would have bidden $3,000 for the land if the defendant had not agreed to pay Barton's judgment, and the defendant, by reason of said agreement, was enabled to buy said land for $1,850, without the consent of the plaintiffs to said arrangement, it was a fraud on the plaintiffs and no title passed to the defendant by reason of said sale, the same being void." Affirmed. [3]

"4. If the jury find that the plaintiffs had no knowledge of the agreement made between Kelley and Benson, the defendant, at the time of the confirmation of the sale and execution and delivery of the deed to Benson, the plaintiffs are not estopped from contesting the validity of the sale in this action." Affirmed. [4]

Defendant's points were as follows:

"1. That the records of the orphans' court of Erie county in and for the sale of the lands in this suit, offered and received in evidence, cannot be attacked or impeached in this collateral way and manner and as attempted in this case; and that the law provides a way for correcting whatever may be wrong in

the proceedings in the orphans' court for the sale of the lands in suit. *Answer :* This point is refused. As a general rule the records and decrees of the orphans' court cannot be impeached in a collateral proceeding. An exception to the general rule is where it is alleged that the decree was obtained by fraud or is tainted with fraud." [5]

" 2. That Mary L. Benson, the administratrix, having in 1886 obtained an order from the orphans' court to sell the lands in suit, and having at public sale sold the same to William Benson, defendant, June 15, 1886, for $1,850, and having reported the sale to the court, which report was confirmed at Sept. T., 1886, and having filed her account and having received the consideration and having received her exemption of $300 as widow, together with $55.00, her compensation as administratrix, as appears from the orphans' court record in evidence, is estopped from recovering in this case." Refused. [6]

" 3. That the plaintiffs, the widow and children of James F. Benson, deceased, having in 1886 known all about the sale of land in suit by the proceedings in the orphans' court and the confirmation of the sale without objection, are estopped and cannot recover the land in this suit." Refused. [7]

"4. That if the jury find from the evidence that plaintiffs knew of the sale of the lands in suit by and in pursuance of the order of the orphans' court in June, 1886, and confirmed without objection, and that the defendant remained in possession of the land from September, 1886, to April, 1889, without objection, and that in the meantime William Benson made valuable improvements upon the land without objection, the plaintiffs are estopped from recovering the lands in suit." Refused. [8]

" 5. If the judgments against the land in suit exceed the value of the land in suit and did at the time of the sale of the land, then the plaintiffs have suffered no injury and have not lost anything, there having been no other estate, personal or real, and cannot recover in this case. *Answer :* This point is refused. The plaintiffs had a right to receive whatever any bidder was willing to bid for the property, to be applied in satisfaction of the liens against it, even though the amount would not pay the full amount of those liens." [9]

" 6. That the order and decree of the orphans' court, ordering and decreeing the sale and confirmation thereof, cannot be

impeached or attacked in this suit, as the act of 1832 expressly provides a remedy whereby the decree and judgment of the orphans' court may be attacked and set aside if wrong, and it cannot be done in this case in this collateral manner. *Answer:* This point is refused. It is the same as the first point." [10]

Verdict and judgment for plaintiffs. Defendant appealed.

*Errors assigned* were (1–10) instructions, quoting them.

*J. Ross Thompson* and *S. M. Brainerd, Clark Olds* with them, for appellant, cited: Act of March 29, 1832, P. L. 190; Dixey's Exrs. v. Laning, 49 Pa. 143; Waters v. Bates, 44 Pa. 473; Garber v. Com., 7 Pa. 265; Painter v. Henderson, 7 Pa. 48.

*E. L. Whittelsey, J. W. Sproul* with him, for appellee, cited: As to fraudulent bidding at sheriff's sale: Barton v. Benson, 126 Pa. 431; Slingluff v. Eckel, 24 Pa. 472; Abbey v. Dewey, 25 Pa. 413; Smull v. Jones, 1 W. & S. 128; Hogg v. Wilkins, 1 Grant, 71; Gilbert v. Hoffman, 2 Watts, 66; Riddle v. Murphy, 7 S. & R. 230; Jackson v. Summerville, 13 Pa. 359; McCaskey v. Graff, 23 Pa. 321; Foulk v. McFarlane, 1 W. & S. 297.

As to right to show fraud as affecting records of orphans' court: Gallagher v. Collins, 7 Watts, 552; Mitchell v. Kintzer, 5 Pa. 216; Lockhart v. John, 7 Pa. 139; Gilmore v. Rodgers, 41 Pa. 127.

Per Curiam, May 7, 1894:

Plaintiffs' points for charge, recited in the first four specifications of error, are severally predicated of facts, the truth of which has been conclusively established by the verdict based upon competent and sufficient evidence. That being so, there is no possible escape from the legal conclusions recited in each of said points, respectively, to the effect that the transaction was a fraud upon the owners of the land; that no title passed to the defendant by reason of the sale and the deed made in pursuance thereof; that plaintiffs are not estopped from contesting the validity of the sale in this action, and are entitled to recover, etc. These conclusions are warranted by a long line of authorities, among which are Slingluff v. Eckel, 24 Pa. 472;

Abbey v. Dewey, 25 Pa. 413 ; Smull v. Jones, 1 W. & S. 128 ; Hogg v. Wilkins, 1 Grant, 71 ; Gilbert v. Hoffman, 2 Watts, 66 ; Jackson v. Summerville, 13 Pa. 359.

In affirming the first point without any qualification, the learned judge charged in the language thereof : " If the jury find that there was an agreement, made without the knowledge or consent of the plaintiffs, between Kelley, agent for Barton, and the defendant Benson, on the day of and before the sale, that in consideration of the defendant promising to pay the amount of Barton's judgment, he, Kelley, would not bid up the land to $3,000 or thereabouts to protect Barton's judgment ; and that by reason of said agreement Kelley refrained from bidding and the defendant was enabled to bid off the land for $1,850, a price much below its actual value, it was a fraud on the plaintiffs, the owners of the land, and no title passed to the defendant by reason of the sale, and the deed made in pursuance thereof, and the plaintiffs are entitled to recover." Without reciting the remaining three points, it is sufficient to say that they too were rightly affirmed as presented.

In refusing to affirm defendant's first point the learned judge rightly said : " As a general rule, the records and decrees of the orphans' court cannot be impeached in a collateral proceeding. An exception to the general rule is where it is alleged that the decree was obtained by fraud or is tainted with fraud."

There was no error in refusing defendant's second to sixth points inclusive. The case was very carefully and ably tried, and we find nothing in the record that would justify a reversal of the judgment.

Judgment affirmed.