## P. E. Woodruff, Assignee for the Benefit of Creditors of S. N. Bronson, v. D. S. Warner, Appellant, and Wm. Harrington.

[Marked to be reported.]

*Agreement among creditors as to bidding—Fraud.*

A purchase of a judgment from a creditor by another judgment creditor at a judicial sale with an understanding that the former shall not bid at the sale, does not render a sale to the latter absolutely void, where no fraud was contemplated or committed on the judgment debtor or his creditors, and the question of actual fraud in such a case is always a question for the jury.

Just before a sheriff's sale one of the judgment creditors of the defendant in the execution bought at a large discount the judgments of two other creditors. The purchaser of the judgments bought the land at the sale on the following day. Another judgment creditor subsequently issued execution and bought the same land at a second sheriff's sale, and obtained possession of the land. The purchaser at the first sale brought an ejectment. The court left it to the jury to determine whether any fraud had been committed at the first sale. The jury returned a verdict for the plaintiff. *Held*, that a judgment on the verdict should not be disturbed.

Argued March 18, 1896. Appeal, No. 61, Jan. T., 1896, by D. S. Warner, one of the defendants, from judgment of C. P. Bradford Co., Dec. T., 1894, No. 15, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and FELL, JJ. Affirmed.

Ejectment for a tract of land in Windham township. Before DUNHAM, P. J.

At the trial, it appeared that in 1888 S. N. Bronson, William Cook, Benjamin Coykendall and S. H. Warner held judgments against William Harrington. Cook issued execution and levied upon the land in controversy. Just before the sale Bronson bought the judgments of Cook and Coykendall at a large discount. Bronson bought the property at the sale. Subsequently Warner issued execution, and levied upon the same property, and at the sheriff's sale following the levy bought the property and obtained possession of it. Defendants' points were as follows :

1. If the jury believe that there was an agreement between Bronson, Coykendall and Cook on the day of the sheriff's sale of the land in question whereby they, said Bronson, Coykendall and Cook, were not to bid against each other, but that the lands should be bid off by said Bronson for a nominal sum and that said Bronson was to pay said Cook and Coykendall their respective claims, in consideration thereof, and that said agreement or arrangement was carried out between the said parties without the knowledge or consent of the defendant Warner or his assignor, the agreement was a fraud upon the said Warner, and the sale made in pursuance of said arrangement was void as to Warner and his assignor. *Answer :* That we affirm, providing you find that the agreement was made for the corrupt purpose of defrauding the creditors of William Harrington or defrauding William Harrington. [1]

2. If the jury believe that Warner or his assignor was a judgment creditor with a lien upon the said land sold in 1888, at the time of said sale, and that any part of the land sold at that time was subsequently during the lien of said judgment levied upon by said Warner and sold at sheriff's sale, upon execution upon said judgment, the purchaser thereof obtained a good title, and D. S. Warner, being the judgment creditor and purchaser of

the land sold in 1894, obtained a good title thereto as against said S. N. Bronson and his assignee, and their verdict should be for the defendant Warner for the land purchased by him in the said sheriff's sale upon his judgment. *Answer:* This we leave to you as a question of fact, and say to you that if you find the fraud existed, as we have heretofore said, in that case you should find in favor of the defendant D. S. Warner for the piece of land purchased by him at sheriff's sale. Otherwise, if you find that there was not a fraud perpetrated at the sheriff's sale between Coykendall, Cook and Bronson for the purpose of defrauding the creditors of William Harrington or of defrauding William Harrington, you should find for the plaintiff. [2]

3. Under all the evidence in this case the verdict of the jury should be in favor of the defendant Warner for the land in suit. *Answer:* This we decline. We leave that to you. [3]

4. If the jury believe from all the evidence in the case that Harrington and Bronson had an agreement whereby Harrington was to purchase or redeem the land after the sheriff's sale in 1888, and that Harrington has made payments on said land, and that the same has been paid for, either in money or property, the verdict should be for the defendants. *Answer:* This we decline. [4]

5. If the jury believe such agreement was made and that the land has not been paid for in full, the verdict should be for the plaintiff for the land not included in the Warner sale of 1894, to be set aside, however, on the payment by Harrington to Bronson or his assignee of the amount unpaid within a time fixed by the jury, which is to be a reasonable time. *Answer:* That we decline. [5]

The court charged in part as follows:

[There must be satisfactory evidence from which the jury are satisfied that there was a corrupt design and agreement to hinder, delay and defraud the creditors of William Harrington, or to defraud William Harrington. But in case you find that Cook, Coykendall and Bronson entered into an agreement or arrangement whereby Cook and Coykendall were not to bid upon the property, to defraud Harrington or any of his creditors, then you will consider the evidence offered by the defendants as to the one tract of land above referred to—that is, tract

No. 2—showing that it had subsequently been levied upon by the sheriff and regularly sold and deed duly acknowledged to D. S. Warner. And if you find the sale to Bronson void for the reasons above mentioned—that is, void on account of fraud, you will find in that case in favor of the defendant, D. S. Warner, as to such piece of land, piece No. 2. But in case you do not find that such agreement was made at the sheriff's sale for the purpose of defrauding William Harrington or for the purpose of defrauding his creditors, then you will find in favor of the plaintiff for all the land described in the writ.] [6]

Verdict and judgment for plaintiff. Defendants appealed.

*Errors assigned* were (1-6) above instructions, quoting them.

*H. F. Maynard, I. N. Evans* with him, for appellants.—If this sale, through which Bronson claimed to have obtained his title, was made in pursuance of an agreement that was contrary to public policy, such sale was void, without regard to the uncertain chances of a jury discovering or failing to find the motives or intentions of the parties to the agreement: Slingluff v. Eckle, 24 Pa. 472; Maffet v. Ijams, 103 Pa. 266; Hay's Est., 159 Pa. 381; Nester v. Brewing Co., 161 Pa. 483.

*J. C. Ingham* and *D'A. Overton*, for appellee.—The court left to the jury the question whether there was an honest, bona fide sale of those judgments to Bronson, or whether it was an arrangement entered into for the purpose of depressing the price of the property. We do not know how the appellants can complain of this. It was all they were entitled to, and more, for it omits the question of actual fraud: Barton v. Hunter, 101 Pa. 411; Mead v. Conroe, 113 Pa. 220; Oram v. Rothermel, 98 Pa. 300; 2 Pomeroy's Eq. Jur. sec. 873; Williams v. Davis, 69 Pa. 28; Bunn v. Ahl, 29 Pa. 390; Harrington v. Bronson, 161 Pa. 302; Act of April 22, 1856, P. L. 532; Huffnagle v. Blackburn, 137 Pa. 633; Silliman v. Haas, 151 Pa. 52; Way v. Hooton, 156 Pa. 8; Barry v. Hill, 166 Pa. 344.

If one buys property at sheriff's sale and verbally agrees to hold it in trust for the defendant, with a right of redemption in the defendant within a limited period, it is a contract resting in parol merely and not transferring any title to the land: Fox v. Heffner, 1 W. & S. 372; Savings Bank v. Bennett, 76 Pa.

406; Kimmel v. Smith, 117 Pa. 183; Salsbury v. Black, 119 Pa. 200; Act of June 8, 1881, P. L. 84; Sankey v. Hawley, 118 Pa. 30; Molly v. Ulrich, 133 Pa. 41.

OPINION BY MR. JUSTICE GREEN,·May 4, 1896:

The appellant, Warner, was the assignee of a judgment held by his assignor, against Harrington, at the time of the sheriff's sale of the land in question, which then belonged to Harrington. The judicial sale at which Bronson purchased the land was held in 1888, and the terms of that sale were duly carried out by a sheriff's deed to Bronson, and by the payment by Bronson to Cook and Coykendall, the other judgment creditors of Harrington, of the amount agreed upon for their judgments under the agreement made by Bronson with them at the time of the sheriff's sale in 1888. The appellant's judgment was kept revived and in 1894 Warner issued execution and sold one of the farms which had been sold to Bronson at the previous sheriff's sale.· Having taken possession of this farm under this second sale, Bronson's. assignee for the benefit of creditors brings this action of ejectment to recover both farms. As Harrington knew all about the arrangement for the purchase of the farms by Bronson, and urged him to make the purchase, he has no defense to the action and is not an appellant.

The only question therefore is whether, as against the Warner judgment, the former judicial sale to Bronson was a fraud. It is not claimed that there was any actual fraud in the arrangement made between Cook, Coykendall, Bronson and Harrington, at the first sale, but it is alleged that the agreement constituted a legal fraud against Harrington and any of his lien creditors· at that time. The first point of the defendant asked the court below to instruct the jury that the agreement between Bronson, Coykendall and Cook on the day of the first sheriff's sale, if carried out without the knowledge of Warner, was a fraud upon Warner or his assignor of the judgment, and the sale made in pursuance of it was therefore void, and this is the whole contention in the case. The court below affirmed the point if the agreement was made for the purpose of defrauding· the creditors of Harrington, or defrauding Harrington. And in the answer to the defendant's second point, and in the general charge, the court instructed the jury that if they should

find that there was fraud in fact in the agreement, for the purpose of defrauding Harrington or his creditors, they should find for the defendant, but if they should find that there was no such fraud in fact, they should find in favor of the plaintiff. The jury found that there was no fraud in fact, and hence the only question now is whether the agreement between the three creditors at the first sale was a fraud in law. The court below answered the defendant's points and charged the jury in exact accordance with the decision of this Court in the case of Oram v. Rothermel, 98 Pa. 300. The court below in that case affirmed a point very similar to the one refused in this case, only that it put the facts more strongly against the validity of the arrangement between the judgment creditors than is done in the defendant's point in this case. There a judgment creditor was an actual bidder at the sheriff's sale, and the sale was stopped, and during the stoppage the execution creditor bought the judgment of the bidder upon the express condition that he would not again bid for the property, which condition the judgment creditor carried out and made no more bids, and the property was struck off to the purchaser at a much less price than it was claimed to be worth. This Court reversed the judgment because the element of actual fraud was left out of the point and ruling. PAXSON, J., delivering the opinion, said, " The vice of the plaintiff's second and third points is that they wholly ignore the question of actual fraud, and by affirming them, the learned judge laid it down as an inflexible rule of law that the purchase of a judgment by another judgment creditor at a judicial sale, with an understanding that the former should not bid, rendered a sale to the latter absolutely void, without regard to the fact whether a fraud was contemplated or committed.

" This instruction was too broad. It withdrew from the jury the question whether an actual fraud was committed. All the authorities require that this question shall be submitted to the jury: Dean v. Connelly, 6 Pa. 239 ; McMichael v. McDermott, 17 Pa. 353. Even if a fraud were intended, yet if none was committed neither the defendant nor his creditors have any just ground of complaint. . . . And even a combination between creditors does not necessarily indicate fraud. Creditors whose money is in peril have rights as well as debtors. It was said in

Smull v. Jones, 1 W. & S. 128, 'Lien creditors, as well as others, may purchase jointly at sheriff's sale, if all be open and fair. A combination of interests for that purpose is not necessarily corrupt. It is the end to be accomplished which makes such a combination lawful or otherwise; if it be to depress the price of the property by artifice the purchase will be void; if it be to raise the means of payment by contribution, or divide the property for the accommodation of purchasers it will be valid.' . . . The crucial test of all such arrangements is whether it is fair and without intent to depress the property and get it at an under value. This question must in all cases be referred to the jury, and it was error in the court below to rule it as a question of law irrespective of the element of fraud in fact."

The learned court below followed this ruling precisely, and did commit to the jury the very question indicated. The case of Slingluff v. Eckel, 24 Pa. 472, is cited and relied upon now by the appellants, and it was also cited in the case above referred to. But this is what we said of it then, "Slingluff v. Eckel, 24 Pa. 472, merely decided that when one judgment creditor agreed to pay the claim of another judgment creditor if the latter would not bid, the contract was a fraud against the defendant if he had not acceded to it, and even if he had the other creditors might be affected by it. The court very properly declined to enforce such a contract upon grounds of policy. This presents a very different question from the one we are considering. The issue here is whether the defendants had been injured by an actual fraud." At the conclusion of the opinion Black, J., said, "It is not now proper to decide how far several persons, who would otherwise bid against each other at sheriff's sale, may associate themselves together, unite their interests and allow one to bid for all," thus practically eliminating the substantial question involved here. Neither of the other cases cited for the appellant raises the precise question presented here.

There was no evidence to show that there was any agreement to buy off a bidder, or to depress the price of the property, or suppress competition, or to do anything to defraud either the creditors of Harrington, or any one else.

This same subject was considered in Barton v. Hunter, 101 Pa. 406, and the same ruling was made as in Slingluff v. Eckel. Mercur, J., said, " To work this result the purchaser must have

been guilty of some falsehood or trick before, or at the time of, the sale which succeeded, and he must have obtained the property for less than it otherwise would have sold. All of these are essential elements to defeat the title of the purchaser. A mere fraudulent intent or effort if not successful is not sufficient, nor is the mere fact that the property was purchased at less than its value."

In Mead v. Conroe, 113 Pa. 220, we held that where a judgment creditor bought the prior judgments, liens against his debtor's real estate, including a judgment upon which an execution had been issued, and upon which said real estate was advertised by the sheriff, and at said sheriff's sale purchased the real estate at a price considerably less than its actual value, and permitted his debtor to remain in possession of it, it is no ground for the inference of a fraudulent purpose to hinder, delay and defraud the creditors of his debtor.

We think the points of the defendant were properly answered, and the instructions to the jury were correctly given. We see no error in the several assignments, and they are all dismissed.

Judgment affirmed.