### James F. Pratt *et al.*

*v.*

### Lydia A. Griffin.

*Opinion filed February 21, 1900—Rehearing denied April 6, 1900.*

1. DEEDS—*acceptance of deed by grantees is as essential as delivery.* Title to real estate does not pass under a delivered deed, in the absence of proof of acceptance by the grantee or of facts and circumstances sufficient to raise a legal presumption of acceptance.

2. SAME—*what does not constitute delivery.* That a deed executed by husband and wife passes into the hands of the husband, where it remains until his death, does not constitute a delivery to the grantees, in absence of any act or declaration by the wife showing that the possession of the deed by her husband was intended by her as a delivery to the grantees.

3. TRUST—*a trust cannot arise from an imperfect gift.* A trust in favor of grantees cannot be based on facts showing a mere imperfect gift of the property owing to the absence of delivery and acceptance of the deeds.

APPEAL from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

This was a bill in equity brought by the appellants, against Lydia A. Griffin, the appellee, for the purpose of vacating the title to certain property in Chicago held by her under deed from her late husband, James F. Griffin.

In the bill and amended bill the complainants allege, in substance, the following facts: James F. Griffin died

childless on April 28, 1899. His widow, the defendant, survived him. Complainants, all of whom reside in the east, are his nearest blood kindred. He had at all times been devotedly fond of them and lavished his love and affection upon them, and had frequently assured them that on the disposition of his property and estate, he, being childless, intended to make them the objects and recipients of his bounty. For many years prior to his death he had been afflicted with asthma and consumption, and in the month of January, 1899, his health was further impaired by an attack of the grippe, from which complication of diseases he was admonished that his life could not be prolonged a great length of time. Prompted by such warnings he immediately set about putting his affairs in order and making a final disposition of his property and estate in anticipation of the near approach of death. In the furtherance and accomplishment of his purpose in this regard, he, on the 23d day of January, 1899, executed, acknowledged and delivered deeds of conveyance to defendant of various pieces and parcels of real estate in Chicago then owned by him, which deeds were afterwards recorded in the recorder's office of Cook county. Contemporaneously with the execution and delivery of the above mentioned deeds, and as a part of the same transaction, defendant executed and delivered back to said Griffin two deeds, in which Griffin joined, one running to complainants James F., Sarah D. and Lillian H. Pratt, of the undivided half, and the other running to complainants Ralph and Georgia A. Rees, of the other undivided half of certain described real estate situated in said Cook county. It was also alleged that it was the intention of said Griffin, in the execution and delivery of said deeds to defendant, and in the execution of said deeds from her to complainants, and in delivering the same to Griffin for and on behalf of complainants, and which intention was concurred in, understood and agreed to by defendant, to vest in complainants the entire or

some interest in the real estate described in the said two deeds; that Griffin retained the two deeds in his possession up to the time of his death; that complainants have frequently endeavored to ascertain from defendant the exact purpose and intention of the execution and delivery of said deeds as aforesaid, and have demanded of defendant that she surrender up to complainants said two deeds running to them, or make such disposition of them as would carry out the intention of her and said Griffin in passing said deeds, but that she refuses so to do, or to disclose her purpose and intention of giving said deeds or the consideration thereof; that when complainants sought said information of defendant she put them off, and told them to wait until she saw fit to furnish such information, and held out to them that at some future time she would make disclosures of said matters; that defendant withholds and conceals from complainants said knowledge, information and intention in said matters, and they do not know and cannot state specifically the exact interest that became vested in them under and by said deeds and the exact legal effect to be given the same, but aver that such legal effect and intention were either to give complainants the absolute title to the property described in said two deeds running to them, or to create a trust in their favor therein or in a portion thereof.

To the bill the defendant interposed a demurrer, which the court sustained, and the complainants electing to stand by their bill, the court rendered judgment against them, dismissing the bill at their costs.

J. S. HUEY, for appellants.

KERR & BARR, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

It may be true, as alleged in the bill, that James F. Griffin was devotedly fond of appellants and lavished his love and affection upon them, and that he had assured

them that in the disposition of his property he intended
to make them the objects of his bounty.    But a court of
equity cannot grant relief upon such allegations, if true.
If Griffin intended to give his property to appellants he
could have done so by making a will attested in the mode
required by law, or he might have conveyed his property
to them by the execution and delivery of a deed.    But he
did neither, and it must be presumed, in the absence of
a will or a deed properly executed and delivered, that he
did not intend to give appellants his property.    More-
over, instead of giving his property to appellants he
conveyed it, by deed absolute in terms, to his wife, and
she and her husband, as the bill states, then made deeds
to the appellants, which were placed in the hands of the
husband and retained by him until his death.    What the
form, tenor or effect of these deeds was the bill does not
disclose, and it is alleged that appellants do not know.
It is not shown by the bill when these deeds were to take
effect, nor is it disclosed what estate was conveyed,—
whether in fee, for life or for a term of years.    Nor was
it shown by the bill that the purported conveyance was
ever accepted by appellants.    We think it is plain that
no decree could be predicated on such loose and uncertain
allegations as are found in complainants' bill.

In order to make a deed operative to pass title to real
estate there must be not only a delivery of the deed by
the grantor, but also an acceptance by the grantee.    The
acceptance is as essential as the delivery, and when the
acceptance is not proven and the facts do not justify
the presumption of law that the grantee has accepted,
the title does not pass.    *Moore* v. *Flynn*, 135 Ill. 74.

Was there a delivery of the deeds in question?    In
*Bryan* v. *Wash*, 2 Gilm. 557, in discussing what constitutes
a delivery, it is among other things said (p. 565): "No
particular form or ceremony is necessary to constitute a
delivery.    It may be by acts without words, or by words

without acts, or by both. Anything which clearly manifests the intention of the grantor and the person to whom it is delivered that the deed shall presently become operative and effectual, that the grantor loses all control over it, and that by it the grantee is to become possessed of the estate, constitutes a sufficient delivery. The very essence of the delivery is the intention of the party." The rule indicated has been approved in subsequent cases.

Under the rule thus laid down, can it be said there was here a delivery? Was it intended that the deeds should presently become operative and effectual? Did the grantors lose all control over them? The deeds were in the hands of James F. Griffin, one of the grantors, from the date of their execution, January 23, 1899, until April 28, 1899,—a period of over three months; and if it had been intended that the deeds should presently become operative why did not Griffin pass them over to appellants? He had ample time to do so, and the fact that he took no steps whatever to pass over the deeds to appellants shows plainly, to our minds, that the grantors did not intend the instruments should become effectual. Moreover, it does not appear that the grantors lost control over the deeds. After the deeds had been executed and acknowledged, if they had been delivered to a stranger for the grantees therein named, such an act would have constituted a valid delivery. But such was not the case. Griffin and his wife had both executed the deeds. They were both grantors. Now, while the bill shows that the deeds passed into Griffin's possession and remained there until his death, we think the possession of one grantor was the possession of the other, unless it appeared that the wife, after the execution of the deeds, did something manifestly an intention on her part that her husband should hold the custody and possession of the deeds for the grantees therein named. Nothing, however, of that character appears in the bill. No act or declaration on behalf of the wife is shown which indicated an inten-

tion on her part that the possession of the deeds by her husband was intended as a delivery.

It is, however, claimed in the argument that under the rule laid down in *Sneathen* v. *Sneathen*, 104 Mo. 207, and *White* v. *Pollock*, 117 id. 469, the delivery of the deed to the husband was a valid delivery. But upon examination it will be found that the facts under which those cases were decided were so different from the facts in this case that they cannot control. In the *Sneathen case*, when the deeds were executed and acknowledged the grantor gave them to his wife and directed her to put them away and give them to the grantees the first time she saw them. In the other case the grantor made a conveyance to his son and placed the deed in the hands of his wife for the son, saying: "Here is Dannie's deed. I want you to take it and take care of it for him." The son was present and consented that the deed might be placed in the hands of his mother for him. No such case was made here. No directions were given that the deeds should ever be delivered. The amended bill, when fully considered, may show a desire on the part of Griffin, in the disposition of his property, to help the appellants, but that intention was never carried out in such a manner as to authorize a court of equity to grant any relief.

In regard to the suggestion in the argument that the facts set up in the bill are sufficient to establish a trust which a court of equity may enforce, it is sufficient to say that the facts alleged do not constitute an executed trust. The transaction, giving it all that in justice can be claimed for it, was a mere imperfect gift, and the rule is well established, as held in *McCartney* v. *Ridgway*, 160 Ill. 129, that a court of equity will not aid a mere volunteer to carry into effect an imperfect gift or executory trust.

The judgment will be affirmed.

*Judgment affirmed.*