JAMES F. PRATT *et al.*

*v.*

LYDIA A. GRIFFIN *et al.*

*Opinion filed October 23, 1906.*

RES JUDICATA—*when decree is res judicata.* Where the subject matter of a cause of action has once been determined in a court of final jurisdiction by a final decree not procured by fraud or collusion, another suit cannot be maintained between the same parties or their privies on the same cause of action, if the question of *res judicata* is properly raised by the pleadings.

APPEAL from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

AMBROSE A. WORSLEY, and BENJAMIN LEVERING, for appellants.

ALFRED E. BARR, and EDGAR L. HANCE, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

The substantial facts and the chief parties to this litigation are the same as in *Pratt* v. *Griffin,* 184 Ill. 514. The appellants were the identical complainants in the former litigation. Lydia A. Griffin, one of the appellees on this hearing, was the sole defendant in the former proceeding. The two other defendants herein were made necessary as the trustees and holders of the notes of a trust deed and loan made by Lydia A. Griffin upon the premises in question since the former case. The statement of facts in the former case will practically serve for the statement of facts in this case.

The bill of complaint herein sets out what are alleged to be actual copies of the deeds referred to on the former hearing, with the allegation that these copies were discovered

since the previous litigation. It was alleged in the former proceeding, as in this, that the premises in dispute were owned by the husband of appellee Lydia A. Griffin; that he deeded this along with other property to her, and that they both then, as a part of the same transaction, signed deeds conveying this property back to the appellants herein; that Lydia A. Griffin then gave these deeds to her husband to be delivered to appellants and that he died without so delivering them.

While it is alleged in the former case that complainants did not know just what interest was conveyed by the deeds in question or whether they were to be delivered and take effect at once or were to be held in escrow by the husband of said Lydia A. Griffin and take effect at her death, yet the turning point in this case,—the delivery of the deeds,—was squarely decided in the former case. An examination of the record in both these cases makes the conclusion irresistible that the controlling facts as to the delivery of the deeds in question in this case are substantially the same as those alleged on this point in the former proceeding. It has long been an established rule that where the subject matter of a cause of action has once been determined by a final decree in a court of competent jurisdiction, another suit cannot be maintained between the same parties or their privies on such cause of action. The decree first rendered will be conclusive between the parties, for, as was stated in *Hanna* v. *Read,* 102 Ill. 596, justice and public policy alike demand that a matter, whether consisting of one or more questions, which has been solemnly adjudicated by a court of competent jurisdiction shall be deemed finally and conclusively settled in subsequent litigation between the same parties where the same questions arise. *Stickney* v. *Goudy,* 132 Ill. 213; 24 Am. & Eng. Ency. of Law, (2d ed.) p. 710, and cases there cited.

Had there been fraud or collusion in the procurement of the decree in the original proceedings then the facts deter-

mined therein would not necessarily be *res judicata.* (*Roby* v. *Calumet Dock Co.* 165 Ill. 277.) Fraud is of two kinds with reference to judicial proceedings,—fraud in obtaining the decree by false evidence, and fraud which gives the court colorable jurisdiction over the defendant's person. In the case of fraud of the former kind, the usual rule is that the decree can only be attacked in the original cause and cannot be impeached in a separate and independent proceeding, though it may be attacked collaterally in an independent proceeding where the fraud goes to the jurisdiction of the court. (*Caswell* v. *Caswell,* 120 Ill. 377; *Evans* v. *Woodsworth,* 213 id. 404; 24 Am. & Eng. Ency. of Law,—2d ed.—p. 720, and cases there cited.) No attempt is made herein to set up fraud of either kind which in any way influenced the findings in the former proceedings. Indeed, there could not well be such allegation, for there, as here, the matter was heard on bill of complaint and demurrers, no evidence being taken. The question of *res judicata* is properly raised in the pleadings herein. A comparison of the bill of complaint in the former proceeding with the one in this, shows that we have here a plain attempt, by the same parties, to re-litigate on its merits a subject matter adjudicated and finally settled in the former case.

While what we have said renders unnecessary the consideration of the other questions presented on the record, yet it may be stated that if the merits of the case were rightly before us, we should be compelled to hold, on the facts alleged, that there was no such delivery of the deeds in question as conveyed title to complainants herein.

The decree of the circuit court will be affirmed.

*Decree affirmed.*