LOUISA S. FRENCH, Appellant, *vs.* DORR W. THOMAS *et al.* Appellees.

*Opinion filed October 25, 1911—Rehearing denied Dec. 7, 1911.*

1. JUDGMENTS AND DECREES—*a bill will lie to impeach a decree obtained by fraud.* A court of chancery has power to entertain a bill to impeach a decree obtained by fraud, and if the allegations and proof are sufficient the decree may be vacated as a cloud upon the complainant's title.

2. SAME—*what constitutes fraud in obtaining a decree.* If a complainant in a bill to quiet title has full knowledge of a claim of ownership and possession by a certain person to the premises involved but fails to make such person a party except under the description of unknown owners, there is such fraud upon the court in obtaining the decree as to render the decree void as to such person and open to collateral attack.

3. PLEADING—*what must be alleged in a bill to impeach decree.* A bill to impeach a decree for fraud need not set out all of the proceedings with the same certainty as is required in a bill of review, but it must set out such proceedings with sufficient certainty to enable the court to determine who were the parties. complainant and defendant, the nature of the proceeding and what constituted the alleged fraud.

4. SAME—*when bill to impeach decree should set out decree in full.* Where the complainant in a bill to impeach a decree claims that the decree was obtained by fraud, in that neither she nor her grantors were made parties except by the description of unknown owners, notwithstanding the complainant had full knowledge of their claim and possession, the bill should set out the decree in full and so much of the proceedings leading up to it as will show the

full·nature of the relief sought and upon what the court based its claim to have jurisdiction over the parties.

5. SAME—*a court will not impeach a decree except upon clear proof.* A court will not impeach a former decree or judgment and vacate the same except upon clear proof, and where the complainant claims that she was not a party to the former proceeding she must show by her bill such a state of facts as would have entitled her to a recovery in the former proceeding had she been a party.

6. SAME—*bill should show whether rights of third parties have intervened.* A bill to impeach a decree for fraud in obtaining it without making the complainant a party should show whether the rights of third parties have intervened, as in such case the lack of jurisdiction does not appear on the face of the record so as to charge third persons with notice, but may be shown by clear extrinsic evidence if the rights of third parties have not intervened.

7. LACHES—*general rule as to time for bringing bill to impeach decree—laches.* The general rule is that a bill to impeach a decree for fraud can be brought only within the time allowed for the suing out of writs of error if the complainant is under no disability and is not ignorant of his rights.

8. SAME—*when bill to impeach decree fails to show that complainant is not guilty of laches.* A positive allegation that the complainant in a bill to impeach a decree entered six years before the bill was filed was ignorant of her rights until less than a year before filing the bill does not show that she is not guilty of *laches,* where it is not shown when the former decree was entered or that complainant acquired her interest before her grantors had knowledge of the former decree, although the bill alleges that her grantors did not have such knowledge until long after the decree was entered.

APPEAL from the Circuit Court of McHenry county; the Hon. CHARLES H. DONNELLY, Judge, presiding.

WALTER G. FRENCH, for appellant.

C. P. BARNES, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is a bill filed by appellant in the circuit court of McHenry county to impeach a former decree of that court for fraud, and to set the same aside, so far as it affects

the interests of appellant, as a cloud upon her title. A demurrer was sustained to the original bill. An amended bill was filed by leave of court, to which a general and special demurrer was also sustained, and appellant having elected to stand by her bill, a decree was entered dismissing the same for want of equity. From that decree this appeal has been perfected.

The bill seeks to impeach and set aside a former decree quieting the title to certain real estate known and described as the "mill lot," in Hubbard's addition to the village of Algonquin, situated on the east side of Fox river, and to a mill-dam abutting thereon and the water rights and flowage appurtenant thereto. The amended bill alleges that appellant is the owner in fee and in possession of lots 3 and 4, in block 2, in the village of Algonquin; that the premises abut on Fox river and constitute the west shore of the river, with a shore line of 150 feet; that pursuant to an act of the legislature approved February 11, 1853, authorizing William Sloan to build a mill-dam across Fox river, a dam was constructed across the river at the village of Algonquin, with the west end abutting on the premises now owned by appellant and the east end abutting upon said premises known as the mill lot, in Hubbard's addition, and that, as the owners of the said premises, in the erection of said dam and under the covenants and agreements in connection therewith the grantors of appellant became and were, and appellant is now, entitled to the use of one-half of the water power of said Fox river at said dam to the middle of said river, and that by *mesne* conveyances, and the adjudications, judgments and decrees of courts of competent jurisdiction, appellant became and is vested with title in fee to said premises and to the exclusive ownership and the right to use three-fourths of the waters of Fox river at said dam and three-fourths of the water privileges connected therewith and appurtenant thereto, which said water rights so appurtenant to the premises are now of great

value. The amended bill further alleges that on December 3, 1904, appellees filed their bill of complaint in the circuit court of McHenry county against the unknown heirs and devisees of Horace Hubbard and others, and unknown owners, to quiet the title to the said mill lot, situated on the east bank of the river, to the mill-dam extending across the river and the water rights at that point, in which bill of complaint it was alleged that the property to which the title was sought to be quieted consisted of a mill property, and that appellees were the owners of the dam extending across Fox river near said premises and an undivided one-quarter of the water power and flowage of the river at that point. By that part of the former bill set out it is further alleged that there may be persons interested in said mill lot and in the said dam and the right of flowage, water power and water in said river who are unknown to appellees. The present bill alleges that in addition to other persons, without naming them, the former bill made the unknown owners of the mill lot, the unknown owners of the dam and the unknown owners of the water power, flowage, water rights and privileges to the water of Fox river at Algonquin village, defendants, and prayed that the appellees might be decreed to be the owners of the premises described, the dam and the said water power, rights and privileges, and that the respective clouds on their title be canceled and removed. The bill then proceeds to set out a portion of the decree quieting the title in appellees and finding them to be the owners of the premises, the dam and all the water rights at that point. The allegations of the present bill as to the extent of the possession of appellant and her grantors are somewhat vague and uncertain, being as follows: "That complainant and her grantors have been, and she is now, in full, complete, adverse, notorious, exclusive and undisputed possession of said premises and of the water rights and flowage in said Fox river adjacent to said premises, as aforesaid, and that she is, and her grantors have been, so

entitled and vested for more than fifty years last past," and during that time have paid all taxes and assessments levied thereon,—all of which was well known to appellees at and before the filing of their bill. It is alleged that although this ownership and possession were known, neither complainant nor her grantors were made parties defendant to said bill.

The appellant insists that she is entitled to the remedy sought under this bill and that the bill is sufficient, while, on the other hand, appellees contend that however erroneous the former decree may have been it cannot be thus attacked collaterally. A court of chancery has the undoubted power to look into a judgment or decree of any court, and, if it finds that such judgment or decree was obtained by fraud, to cancel and vacate the same. (*Boyden* v. *Reed,* 55 Ill. 458.) A bill may be maintained to impeach a decree obtained by fraud, and the owner of property affected has the right to have it removed as a cloud on his title. (*Johnson* v. *Johnson,* 30 Ill. 215; *Campbell* v. *McCahan,* 41 id. 45.) If appellees by the former bill, with full knowledge of a claim of ownership and the possession of appellant or her grantors of the premises involved, or any part thereof, did not seek to make appellant or her grantors then claiming an interest in the property parties defendant except under the description of unknown owners, they were guilty of practicing a fraud upon the court, and the decree, so far as the rights of appellant or such grantors is concerned, is void, and being void can be attacked collaterally. Such a situation, however, is not clearly disclosed by this bill. One of the special grounds of demurrer assigned and one of the reasons urged here to the insufficiency of the bill is, that the bill does not sufficiently state the process and pleadings in the former cause. While in a case of this kind it is not necessary to set out all of the proceedings with the same certainty that is required in a bill of review, still they must be set out with sufficient certainty to enable the court to

determine who were the parties complainant and defendant, the nature of the former proceedings and what constituted the fraud alleged. A bill to set aside a decree for fraud must state the decree and proceedings which led to it, with the circumstances of fraud, in detail, on which it is sought to be impeached. (*Boyden* v. *Reed, supra.*) This bill sets out but a portion of the former bill and a portion, only, of the decree in that case. The portions of the bill and decree set out are the only proceedings in the former suit disclosed by this bill. The bill should have set out the decree of the former suit in full and so much of the proceedings leading up to the decree as would show the full nature of the relief sought and upon what the court based its claim to have jurisdiction over the parties. This bill does not disclose who all the parties were to the former suit. Neither does it disclose at what time appellant acquired title to the premises described as being in block 2. It alleges that John H. McKinley was the grantor of appellant, but whether he or appellant or some of the other grantors in the chain of title owned the premises at the time the former bill was filed cannot be determined from the allegations of the present bill. Appellant alleges in her bill that neither she nor her grantors were made parties defendant to the former proceedings; but, giving this allegation a strict construction, it would still state the truth although McKinley may have been the owner of the premises at the time the former bill was filed and may have been made a party defendant in that proceeding, provided the other grantors of appellant were not made parties. The bill is defective for failure to set out sufficiently the proceedings in the former suit.

From the face of this bill it appears that the premises now owned by appellant were not involved in any way in the former proceeding. While it is true that in the former suit appellees sought to have the title to the dam quieted, appellant makes no claim of title to or interest in the dam except such as might be involved in her claim to the own-

ership of three-fourths of the water rights and flowage of
the river at that point. She does not set out in her bill the
private act of the legislature authorizing the construction
of the dam or the ownership of the dam after its construc-
tion. She does allege° that by virtue of the construction of
the dam her grantors became entitled to and owned one-
half of the water rights and flowage, and that by *"mesne*
conveyances, and the adjudications, judgments and decrees
of courts of competent jurisdiction," she acquired title in
fee to said lots and the exclusive ownership and the right
to use three-quarters of the flowage and water privileges at
that point. She is content to rest with these general state-
ments or conclusions, without specifically giving the source
of her title or right to the premises and appurtenances.
Greater certainty and clearness is required in a bill of this
character than in the ordinary bill in chancery. A court
will not impeach a former decree or judgment and vacate
the same except upon clear proof, and a complainant must
show by his bill, when claiming, as here, that he was not
a party to the former proceedings, such a state of facts as
would have entitled him to a recovery in the former pro-
ceeding had he been made a party thereto.

This bill does not disclose whether the rights of inno-
cent third parties have intervened and will be affected by
the relief sought. If the court did not have jurisdiction
over appellant or her grantors in the former proceeding the
decree entered would be void as to her or them. Where
such lack of jurisdiction appears on the face of the record
third parties would take with notice of the defect, but
where, as is claimed here, the lack of jurisdiction does not
appear on the face of the record it may be shown by evi-
dence outside the record, provided the evidence is clear and
satisfactory and the rights of third parties have not inter-
vened. *Kochman* v. *O'Neill,* 202 Ill. 110.

The appellees contend that appellant has been guilty of
*laches.* The general rule is, that a bill to impeach a decree

for fraud can be brought only within the time allowed for the suing out of writs of error when the complainant is under no disability and is not ignorant of his rights. (*Sloan* v. *Sloan,* 102 Ill. 581; *Allison* v. *Drake,* 145 id. 500.) As the bill in the former proceeding was filed December 3, 1904, and the present bill was not filed until December 24, 1910, it was incumbent upon appellant to disclose clearly by her bill the reasons for the delay. While there is a positive allegation in the bill that appellant had no knowledge whatever of the former proceedings, or the decree entered therein, until within less than a year of the time of filing her bill, the allegations in regard to the knowledge of her grantors is not so specific. That allegation is, that neither of her grantors had knowledge of the former proceedings until long after the entry of the decree therein. As the bill does not disclose when the former decree was entered, who owned the premises in question and was claiming the water rights at the time the former proceedings were instituted or when appellant acquired her title, this allegation is too indefinite. If appellant held the title at the time the former bill was filed, the allegation in regard to notice is sufficient to relieve her of the charge of *laches.* If she purchased subsequently, she would be bound by knowledge acquired by any of her grantors before he parted with the title. The bill fails to show that her grantor did not have notice of the former proceedings while he held the title. By her failure to show this and to disclose when she acquired her title appellant has failed to show that she has not been guilty of *laches.*

For the reasons given, the demurrer was properly sustained. The bill should not have been dismissed absolutely, and the decree of the circuit court is modified so that the order is that the bill be dismissed without prejudice to appellant. As so modified the decree is affirmed.

*Decree modified and affirmed.*