## No. 10,911.

### WILSON v. BIRT, ET AL.

Decided January 5, 1925.   Rehearing denied May 4, 1925.

## Action to quiet title.   Judgment for plaintiffs.

### *Reversed.*

1.  PLEADING—*Replication—Departure.*   In an action to quiet title where plaintiff claimed title in fee and the facts alleged in his replication fortified his title, there was no departure.

2.  EVIDENCE—*Receipts.*   Receipts for the payment of money held competent evidence since they were made against interest by a person having knowldge of the fact, and also admissible as a part of the res gestae to show the purpose for which the money was paid and received.

3.  *Oral Declarations.*   In an action to quiet title, evidence of oral declarations of defendant when paying money to his grantor, held competent, and its rejection prejudicial error.

4.  *Receipts—Oral Declarations.*   In an action to quiet title, receipts given by former deceased owner—under whom both parties claim—for money paid by defendant, and her statements on receiving payment, were competent evidence against plaintiffs as being given by their grantor concerning title while she had title.

(206)

5.    *Quieting Title.* On the issue of fraud in obtaining a decree, it was error to reject testimony that plaintiffs' grantor had been told defendant's address, where service was made by publication.

6.    *Hearsay.* Declarations of defendant's wife as to her knowledge of his whereabouts when making affidavit for service of summons by publication, not hearsay, and competent for the purpose of proving that she knew where he was.

7.    DESCENT AND DISTRIBUTION—*Decree—Title.* A decree of heirship fixes heirship, and an order of distribution fixes the interest in the estate, but neither fixes the title of the decedent nor the rights of one claiming adversely to him.

8.    PROCESS—*Summons—Publication—Affidavit.* Section 45, Code of '21 and the amendment of '23 requires an affidavit for the publication of summons to be filed after the return of the writ, but there is no provision that it shall be made after the return.

9.    *Summons—Publication—Supreme Court Rule.* Rule 14a of the Supreme Court concerning service of summons by publication adopted.

*On Rehearing.*

10.   JUDGMENT—*Fraud—Collateral Attack.* Where fraud goes to the method of acquiring jurisdiction, the judgment is subject to collateral attack.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. ALBERT S. FROST, for plaintiff in error.

Mr. GOLDING FAIRFIELD, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

WILSON was defendant below; there was a judgment against him in a suit to quiet title to a house in Denver and he brings error.

The complaint was in the ordinary form alleging title and possession in the plaintiffs and a claim of interest by

defendant without right. The defense was ownership in the defendant, who claimed by warranty deed from one Lulu Covington, deceased. The plaintiffs also claimed under her as heirs of Estelle Wilson, deceased, the divorced wife of defendant. They sought to overcome defendant's deed in three ways: (1) That the price of the house was paid by Estelle Wilson but that the deed was fraudulently taken in his own name by defendant; (2) that she had obtained a decree to that effect and a deed from the clerk of the court pursuant to said decree, res adjudicata; (3) that in the county court, in the matter of her estate, there had been an adjudication of title and a final distribution of property including the house in question. The defendant denied the payment by Estelle and the fraud; claimed defective service and that she made a fraudulent false affidavit that she did not know his residence or post-office address, in order to obtain service by publication in her suit against him, and that the proceedings in the county court were no bar. There were general findings for defendant.

The defendant demurred to the replication for departure, but there was no departure. The plaintiffs claimed title in fee and the facts in the replication, which were those mentioned above, fortified that title.

The court rejected three receipts offered in evidence by defendant. They were signed by Lulu Covington and acknowledged payment of money by defendant on account of the house in question. These papers were competent to show the purpose of the payments and the person who made them. They were not within the hearsay rule since they were made against interest by a person having knowledge of the fact and now deceased. *Higham v. Ridgway,* 10 East, 109; Smith's L. C. 9th Am. Ed. 1607-20. Indeed receipts are typical cases under this elementary rule. Wig. Ev. §§ 1460, 1465. They were also competent as part of the res gestae (Wig. § 1777) to show the purpose for which the money was paid and received.

The testimony of the witness Ethel Allen of the declara-

tions of the defendant and Lulu Covington when she saw him pay her money was also competent as res gestae for such purpose. The receipts were important evidence and the oral declarations, though of the lightest character alone, have some weight with the receipts; we must say that the error in the rejection of this evidence was prejudicial. There is nothing in the cases cited by defendants in error in conflict with this rule. *Caro v. Wollenberg,* 83 Ore. 311, 163 Pac. 94, recognizes it.

The receipts and likewise the statements of Lulu Covington were competent against the plaintiffs for the further reason that they were given by plaintiff's grantor concerning the title while she had title. *Lloyd v. Lynch,* 28 Pa. 419, 424, 70 Am. Dec. 137; Wig. §§ 1080-1082.

On the second point, It was error to reject the testimony of Ethel Allen that she had told Estelle Wilson defendant's address in Detroit. This was evidence competent on the question of fraud in procuring the judgment in the suit of Estelle against defendant. It ought to go without saying that the declarations of Estelle Wilson as to her knowledge of defendant's whereabouts when she made the affidavit for publication of summons are competent and not hearsay for the purpose of proving that she knew his whereabouts, and, of course, proof that she was told of his residence was competent also. The fact that he resided at 325 Garfield Avenue, Detroit, was proved otherwise, but the fact that she knew that he resided there may be proved by her statement and statements to her that he resided there. Even if they were otherwise hearsay, her statements concerning the title would be competent as statements of one under whom plaintiffs claim title made while she held title.

It is scarcely necessary to state that on the third point counsel misconceives the law. The decree of heirship fixes the heirship, and the order of distribution fixes the interests in the estate; neither fixes the title of the decedent nor the rights of one claiming adversely to him. 24 C. J. 528, 529, note 2. The defendant claims adversely to Estelle Wilson.

The affidavit for publication showing that plaintiff, Estelle Wilson, did not know defendant's whereabouts, was dated some ten days before the return of the summons in that case by the sheriff. The code of 1921, § 45, Acts of 1923, Ch. 83, requires such affidavit to be filed after the return, but there is no provision that it be made after the return. Defendant insists that reason requires that it be made then because the affiant by that time may have discovered defendant's whereabouts. See *Crombie v. Little,* 47 Minn. 581, 50 N. W. 823. There is much in this, but it requires us to read the word "made" into the statute, which we ought not to do. Such a decision would have a retroactive effect and might cloud or destroy titles. We think, however, that something of that kind ought to be, and we therefore have passed a rule of court amending the practice in that respect as follows: Rule 14a. In addition to the present requirements of the code in case of service by publication, before the order for publication of summons the return of the sheriff must show and set forth the efforts he has made to obtain service and the reason for his failure and must show such real and bona fide efforts as shall satisfy the court.

The affidavit shall be made after the return and not more than ten days before the order, and, in case either the residence or postoffice address of any defendant is not stated, shall show and set forth, in detail, to the satisfaction of the court, the efforts that have been made to discover such residence or address.

The court before ordering publication in such case may require and examine witnesses, may examine the affiant and may appoint a suitable person to make further search and inquiry and must be satisfied by clear and convincing proof that such defendant cannot be reached by mail or by personal service.

This rule shall take effect February 1st, 1925.

Judgment reversed and new trial granted.

*On Rehearing.*

MR. JUSTICE DENISON.

Counsel for the defendant in error insist that the attack by answer of the defendant below upon the previous judgment was a collateral attack, and that a judgment valid on its face is not subject to collateral attack even for fraud.

It seems to have been the opinion of this court, at one time at least, that an attack upon a judgment by answer in another suit was not collateral (*Hallack v. Loft,* 19 Colo. 74, 34 Pac. 568, and *Wilson v. Hawthorne,* 14 Colo. 530, 24 Pac. 548, 20 Am. St. Rep. 290), though the Court of Appeals held otherwise (*Rawles v. People,* 2 Colo. App. 501, 31 Pac. 941; *Harter v. Shull,* 17 Colo. App. 162, 67 Pac. 911). It is not questioned that a bill may be filed to impeach a judgment fraudulently obtained, and since under the code any equitable defense may be set up in the answer, it is hard to see why a judgment may not be attacked in that way. *Hallack v. Loft* and *Wilson v. Hawthorne, supra; Caswell v. Caswell,* 120 Ill. 377, 11 N. E. 342; *Evans v. Woodsworth,* 213 Ill. 404, 72 N. E. 1082.

However this may be, the weight of authority supports the proposition that where fraud goes to the method of acquiring jurisdiction, the judgment is subject to collateral attack for the fraud. 23 Cyc. 1098; 34 C. J. 566; *Hallack v. Loft, supra; French v. Thomas,* 252 Ill. 65, 96 N. E. 564; *Phelps v. Benson,* 161 Pa. 418, 29 Atl. 86; *Justice v. Georgia, etc., Co.,* 109 Va. 366, 63 S. E. 1084; *Pratt v. Griffin,* 223 Ill. 349, 79 N. E. 102; *Lucy v. Deas,* 59 Fla. 552, 52 So. 515; *Corvin v. Com.,* 131 Va. 649, 108 S. E. 651.

In the present instance the fraud charged is in the method of acquiring jurisdiction. The question of the rights of a purchaser of a title depending on a judgment obtained by such a fraud is not before us.

Rehearing denied.