# GEORGE T. CRAUFURD *vs.* RICH'D S. BLACKBURN.

Upon an issue of *marriage vel non*, in order to prove the alleged marriage, the oral declarations of the deceased alleged husband, made on several occasions, that the alleged wife *was his wife*, were adduced, and the *alleged wife* was also called to the stand, and *proved the marriage.* HELD:

That the oral declarations of the alleged husband, made in his life time, to the effect that he was *not married* to the alleged wife, and his last will and testament to the same effect, are properly admissible in evidence, for the purpose of disproving the alleged marriage.

In matters of pedigree, the declarations of deceased members of the family are admitted, and the term pedigree embraces not only descent and relationship, but also the facts of birth, marriage and death, and the time when these events happen.

Such declarations are not held to be admissible or not, according to the necessity of the particular case, but are admitted as *primary evidence* on such subjects, by the established rule of law, which, though said to have had its origin in necessity, is *universal* in its application.

Nor do such declarations stand upon the footing of secondary evidence, to be excluded when a witness can be had who speaks upon the subject from his own knowledge; the declarations of a deceased mother, as to the time of the birth of her son, are admissible, though the father is living, and not called.

If marriage be proved, or admitted, declarations of parents will not be admitted to defeat the consequences of marriage, as that the children are bastards, but where the question is *marriage vel non*, the declarations of the parties themselves, if deceased, that they were, or were not, married, provided they were made *ante litem motam*, are admissible evidence of the fact declared.

Under the rule that hearsay evidence, on matters of pedigree, to be admissible, must proceed from some member of the family to which it relates, it is sufficient that the declarant be connected, by extrinsic evidence, with one branch of the family, touching which the declaration is tendered.

APPEAL from the Circuit court for Charles county.

This was a case of issues sent by the orphans court of Prince George's county to the circuit court for that county, and thence removed to the circuit court for Charles county, for trial. The allegations of the petition and answer on which the issues were framed, and the facts of the case, are fully stated in the opinion of this court.

Craufurd *vs.* Blackburn.

At the trial, which took place in May 1860, two exceptions were taken, by the appellant, to the rulings of the court below, (CRAIN, J.)

*1st Exception.* This exception is sufficiently stated in the opinion of this court.

*2nd Exception.* The defendant, further to maintain the issues on his part, offered in evidence the will of Thos. B. Craufurd, executed on the 22nd of July 1844, and admitted to probate on the 4th of April 1848, (in which the testator described the appellant as his *"natural* son, by Elizabeth Taylor," and his other children as his *"natural* children and daughters, by the said Elizabeth Taylor," and devised and bequeathed all his real and personal estate to them,) for the purpose of showing the solemn declarations of said testator, touching the illegitimacy of his said children. To the admissibility of this will in evidence, the plaintiff objected, but the court overruled the objection, and permitted it to be read to the jury. To this ruling the plaintiff excepted, and the verdict being against him on all the issues, appealed.

The cause was argued before LE GRAND, C. J., TUCK, BARTOL and GOLDSBOROUGH, J.

*Robt. J. Brent* and *Thos. G. Pratt*, for the appellant, argued that the rulings of the court below were erroneous.

1st. Because Mrs. Craufurd being a competent witness, her evidence of her own marriage, was the *best evidence* that could be offered of that fact, and could not be contradicted by the hearsay declarations of her husband. Hearsay evidence is incompetent to establish a fact which is susceptible of being proved by witnesses who can speak from their own knowledge. 1 *Greenlf's Ev.,* secs. 98, 99. 2 *Greenlf's Ev., sec.* 461. 3 *East.,* 201, *Williams vs. The East India Company. Hubback's Ev. of Succession,* 166. *Matthew's Presumptive Ev.,* 279, 284, 285. 6 *Clark & Finn.,* 801, *Camoys Peerage.* 12 *How.,* 534, *Gaines vs. Relf.* 7 *Gill,* 264, *Cope vs. Pearce.*

2nd. Because the declarations of the father are not compe-

tent to bastardize his child, or establish illegality of marriage, *Buller's N. P.*, 112. 2 *Cowp.*, 593, 594, *Goodright vs. Moss.* 12 *How.*, 534, *Gaines vs. Relf.*

3rd. Because when admitted to prove pedigree, it is upon the ground of necessity, that the declarations *only of deceased relatives* are ever admissible, and the declarations of a father are alone admissible upon the theory of marriage, for otherwise they would not be the declarations of a deceased relative. 1 *Greenlf's Ev.*, sec. 103. 1 *Phillips' Ev.*, (Ed. of 1859,) 272, 273. *Hubback's Ev. of Succession*, 653 to 656. *Peake's Ev.*, *Appendix*, 21, *Cooke vs. Lloyd.* 7 *Gill*, 264, *Cope vs. Pearce.* The principle being now established, that declarations of deceased parties can alone be received on the basis of relationship between them and the party in respect to whom their declarations are offered, it naturally followed, that before the declarations can be offered, the relationship must be proved *aliunde* the declaration itself. 1 *Phillips' Ev.*, (Ed. of 1859,) 275. *Hubback's Ev. of Succession*, 657, 660. *Powell's Ev.*, 95. Now the *issue* to be tried here, is whether the appellant is next of kin of David Craufurd, and he having given evidence to prove the intermarriage of his mother with Thomas B. Craufurd, so as to make him a legitimate offspring of that marriage, the appellee then offered the declarations of Thomas B. Craufurd, to prove that the appellant was only his illegitimate son. The question is as to the admissibility of those declarations to a specific fact, viz: the illegitimacy of the appellant. If the declarations of Thomas B. Craufurd, deceased, were offered as original evidence in chief, to prove the illegitimate birth of the appellant, it must be *first proved aliunde* that Thomas B. Craufurd was a deceased relative of the appellant, to lay the necessary foundation; and such relationship could not be shown, in the eye of the law, merely by establishing that he was the *putative* father of the appellant. Does it make any difference that the declarations were offered as rebutting evidence to that which we had previously offered, of the affirmative fact of legitimacy? Here, to entitle the declarations of the deceased, Thomas B. Craufurd, to be received in testimony to the fact therein *de-*

Craufurd *vs.* Blackburn.

*clared,* viz: the illegitimacy of the appellant, the party offering them must first prove *aliunde* that Thomas B. Craufurd was a *relative* of the party whose illegitimacy he declared. But this relationship is not only *ignored* by any proof by the appellee, but he *avowedly offers* them to show that the deceased declarant was no relative, in the *eye of the law,* to the party whose illegitimacy he declared. It is no answer to say that the declarations thus offered were admissible, because we had first offered them after proving the relationship *aliunde,* viz: by the wife and *mother;* because, on the ground that we had offered the declarations of Thomas B. Craufurd, the adverse party could not rebut those declarations by proof of contrary declarations made at a different time, and on another occasion. They are, therefore, to be considered the same as if we had given no such proof. Nor can they be received on the ground of the declarant being the brother of David Craufurd, the intestate, because there is no issue on that fact, and they are declarations simply of a father, to prove the illegitimacy of his own child, and therefore 'wholly inadmissible. Such declarations can only be admissible on the *concessum* that the deceased, Thomas B. Craufurd, had married the mother; on any other hypothesis, they are but the declarations of a stranger to the mother and her children.

*C. C. Magruder* and *Thos. S. Alexander,* for the appellee, argued that the rulings of the court below were correct, and insisted that the declarations of the father, including his last will and testament, in regard to the legitimacy of his children, are admissible, whether such declarations tend to establish their legitimacy or illegitimacy, and clearly, after declarations of the father have been given in evidence by the child, to prove his legitimacy, evidence of other declarations to the contrary are admissible as rebutting testimony. They cited, in support of these positions, 7 *Gill,* 264, *Cope vs. Pearce.* 2 *Cowp.,* 591, *Goodright vs. Moss.* 4 *Camp.,* 404, 405, 413, *Berkeley Peerage Case.* 1 *Phillips' Ev.,* (Ed. of 1859,) 573. *Powell's Ev.,* 105.

BARTOL, J., delivered the opinion of this court.

Doctor David Craufurd, late of Prince George's county, died about the 5th day of December 1859, intestate and un-married, leaving neither widow nor child, nor any des-cendants, father, mother, brother or sister. The appellant applied to the orphans court, for letters of administration on his estate, claiming to be the legitimate son of Thom-as B. Craufurd, deceased, who was a brother of Dr. David Craufurd. This application was resisted by the appellee, upon the ground, that Thomas B. Craufurd never was law-fully married to the mother of the appellant; and that he, the appellee, being first cousin to the decedent, is next of kin, and entitled to letters of administration on his estate.

At the instance of the parties, three issues were framed by the orphans court, and sent to the circuit court of that county for trial; and the cause was afterwards removed to the circuit court for Charles county.

The issues were as follows:

1st. Whether your petitioner, George T. Craufurd, is one of the next of kin to the said David Craufurd, on the part of the father of said David Craufurd?

2nd. Whether there is any male, other than your petitioner, George T. Craufurd, of the next of kin to the said David Craufurd?

3rd. Whether the said Thomas B. Craufurd was ever law-fully married to the said Elizabeth Taylor, before or after the birth of the said George T. Craufurd?

The verdict of the jury upon all the issues, was against the appellant, who reserved two exceptions at the trial, which are presented for our decision on this appeal.

A great deal of testimony was produced, which it is un-necessary for us to notice; it was properly submitted to the jury, and passed upon by them.

The maiden name of the mother of the appellant, was Eliza-beth or Betsy Taylor. To prove that she was lawfully mar-ried to Thomas B. Craufurd, the appellant offered, with other evidence, the declarations of Thomas B. Craufurd, made on several occasions, to the effect that she was his wife;

and also called his mother to the stand, who testified, that she and Thomas B. Craufurd were married by a Catholic Priest in the city of Washington, in 1835. To rebut this evidence, the appellee offered the declarations of Thomas B. Craufurd, made in the year 1837 and afterwards, that he was not married to Betsy Taylor; to which the appellant objected, but the circuit court decided the evidence to be admissible, and the propriety of this ruling forms the subject of the first exception.

' By the ordinary rules of evidence, the declarations of persons, not parties to the cause, are excluded on the ground that they are mere hearsay. But it is a well recognized exception to this rule that, in matters of pedigree the declarations of deceased members of the family are admitted. *Cope's Adm'r vs. Pearce,* 7 *Gill,* 247. 4 *G. & J.,* 416. •

'"The term, pedigree, embraces not only descent and relationship, but also the facts of birth, marriage and death, and the time when these events happen." 7 *Gill,* 264. This exception to the general rule had its origin in the necessity of the case. "From the necessity of the thing," said Lord Mansfield, 4 *Camp.,* 415, "the hearsay of the family as to marriage, births, and the like, are admitted;" this language is cited in 7 *Gill,* 264. But it is objected, that although such declarations to prove pedigree are ordinarily admissible, yet they ought to have been excluded in this case, because the necessity did not exist, there being a party to the alleged marriage, living and competent to testify, and because it was inadmissible upon the principle, that the best evidence of which the nature of the thing is capable must be given.

This objection arises from a misapprehension of the rule. Such declarations are not held to be admissible or inadmissible according to the necessity of the particular case; but they are admitted as primary evidence on such subjects by the established rule of law, which, though said to have had its origin in necessity, is universal in its application. Nor do such declarations stand upon the footing of secondary evidence, to be excluded where a witness can be had who speaks upon the subject from his own knowledge. "Hear-

say evidence is of course inadmissible, if the person making the declaration is alive, and can be called. But the declaration of a deceased mother, as to the time of the birth of her son, are admissible, though the father is living and not called." *Hubback on the Evidence of Succession*, 660, (48 *Law Lib.*)

In this case the testimony of the appellant's mother was properly admitted; its weight was exclusively a question for the jury; but it cannot be said, as matter of law, to have conclusively established the marriage, so as to exclude other contradictory and rebutting evidence, which was legally competent and admissible for the purpose of disproving her statement.

In *Hubback*, 243, (47 *Law Lib.*,) it is said, "The proof of marriage by the register, or by the testimony of witnesses, is not, in questions of legitimacy, considered the only best evidence, within the rule, which requires such evidence to be produced or its non-production accounted for. Notwithstanding the existence of this evidence, marriage may be proved by reputation and declarations, and presumed from circumstances." This language will be found to be sustained by the authorities, which warrant us in saying, that the same principle applies where the declarations are adduced, for the purpose of disproving the alleged marriage.

It has been contended on the part of the appellant, that this evidence ought not to have been admitted, because it tended to bastardize the issue, and neither the personal testimony of the parents, nor their declarations, are admissible for that purpose. In *Goodright vs. Moss*, 2 *Cowp.*, 594, Lord Mansfield said, "It is a rule founded in decency, morality and policy, that they (father and mother) shall not be permitted to say, *after marriage*, that they have had no connexion, and therefore, that the offspring is spurious." In that case, the question was as to the time of the birth of the child, and the declarations of the deceased parent were admitted to prove that he was born before marriage; the rule just cited was there held to be inapplicable. We consider it alike inapplicable to the case before us.

The distinction which we deduce from all the authorities, is this: If marriage be proved or admitted, declarations of the parents will not be admitted, to defeat the consequences of marriage, as that the children are bastards; but where the question is *marriage vel non*, "the declarations of the parties themselves, if deceased, that they were or were not married, provided they were made *ante litem motam*, are admissible evidence of the fact declared." See *Hubback*, 244, and authorities there cited. 1 *Phil. Ev.*, 251, *note* 1, (*Ed. of* 1859.)

One other rule has been invoked, by the appellant, in support of his objection to this evidence. It is said that, in order to make Thomas B. Craufurd's declarations evidence, it must first be proved, *aliunde*, that he was a deceased relation of the appellant, which is not shown by proving that he was the *putative* father only; and in support of this the counsel cited, *Hubback*, 657, where it is said: "The rule is now well established, that hearsay evidence on matters of pedigree, to be admissible, must proceed from some member of the family to which it relates; and the declarations of an illegitimate member of the family have been held inadmissible." But the same author, on page 660, says: "It is sufficient that the declarant be connected, by extrinsic evidence, with one branch of the family, touching which the declaration is tendered. To require proof of his connection with both branches, would be to render the declaration itself superfluous, as the very fact in proof of which it is used, would then be established." See *Monkton vs. Att'y General*, 2 *Russ. & Mylne*, 147, (6 *Eng. Con. Ch. Rep.*, 436.) According to the rule laid down by Lord Brougham, in the case last cited, it is sufficient, in order to admit the declarations of Thomas B. Craufurd, to prove his relationship with the decedent, David Craufurd; the question here being whether the appellant is next of kin to David Craufurd.

But without relying on this point, upon the authority of the case of *Monkton vs. The Attorney General*, which was wholly unlike the present, we are of opinion, that the objection of the appellant, now under consideration, will not bear

the test of examination. The appellant, after offering evidence that he was the reputed son of Thomas B. Craufurd, to prove his legitimacy, offers the declarations of Thomas B. Craufurd to establish his marriage with Elizabeth Taylor, the mother of the appellant. The appellee, to rebut this, offers the declarations of Thomas B. Craufurd, to the effect that he never was married to Elizabeth Taylor, and that the appellant, though his son, is not legitimate. Then the objection is made, that these last declarations are inadmissible, unless the foundation is first laid, by proving that the appellant is legitimate, for without that, it is said, the declarant is not legally related to the appellant. Such a proposition involves a contradiction in itself, and needs no argument or authority to refute it. As we have said before all the authorities establish, that where the question is *marriage vel non*, the declarations of the parties to the alleged marriage, if deceased, are admissible either to prove or disprove it. It follows that, in our opinion, the ruling of the circuit court on the first exception ought to be affirmed. And, for the same reasons, we affirm on the second exception, which presents, substantially, the same question. The last will and testament of Thomas B. Craufurd was properly admitted in evidence, as a declaration made by him in a most deliberate and solemn form.

*Judgment affirmed.*

(Decided March 1st, 1861.)