[No. 4742.]

VENNER ET AL. v. THE DENVER UNION WATER CO.

ET AL.

**Appellate Practice—Jurisdiction of Supreme Court—Freehold.**

An action to annul certain conveyances, the effect of which would be to divest defendant of the title to real estate and vest it in plaintiff, involves a freehold so as to give the supreme court jurisdiction to review a judgment therein.

*Appeal from the District Court of Arapahoe County.*

*Transferred from the Court of Appeals.*

*On Motion to Remand.*

Messrs. YEAMAN & GOVE, Messrs. GOUDY & TWITCHELL, and Mr. H. B. BABB, for appellants.

Messrs. WOLCOTT, VAILE & WATERMAN, Mr. H. H. DUNHAM and Mr. C. J. HUGHES, for appellees.

*Per Curiam.*—Appellants commenced an action in the district court of Arapahoe county against the appellees, one purpose of which was to obtain a decree annulling certain conveyances under which The Denver Union Water Company obtained and

asserts title to the water-works system of which it claims to be the owner. The effect of such a judgment, so appellants claim, would be to divest The Denver Union Water Company of title to the water-works system in question, and vest it in The American Water Works Company. That is the relief to which they claim to be entitled. The issues were found in favor of the defendants, and a decree rendered adjudging The American Water Works Company had no right, title or interest in the property in controversy, and that The Denver Union Water Company was the owner thereof. From this judgment the plaintiffs appealed to the court of appeals. Defendants there moved to transfer the cause to this court, upon the ground, among others, that a freehold was involved. The motion prevailed, and appellants now move to remand. In support of this motion, it is contended that the action only incidentally relates to a freehold, because the suit was commenced to set aside and vacate certain conveyances. The relief to which the plaintiffs claim to be entitled can only be secured through the annulment of these conveyances. A judgment to that effect, and its purpose, is to adjudicate the title to the property in controversy, so that the real subject-matter in dispute between the parties is the title to real property, and a decree in the action, as it did by the one rendered in the district court from which the appeal is prosecuted, must determine the title to be in one or the other of the parties. When the ultimate object of an action is to unconditionally divest one party of title to realty and vest it in another, a freehold is involved.—*McCandless v. Green*, 20 Colo. 519.

The motion to remand is denied.

*Motion denied.*