[No. 4650.]

HERR v. GRADEN.

**Tax Sales—Notice—Affidavit—Evidence.**

The fact that the affidavit of the publisher of the publication of notice of a tax sale, required to be filed with the county treasurer, cannot be found on file, is not conclusive that such affidavit was not filed, but it may be shown by parol evidence that the affidavit was made and filed as the statute requires.

*Appeal from the District Court of La Plata County: Hon. James L. Russell, Judge.*

Mr. F. C. PERKINS, for appellant.

Mr. REESE McCLOSKEY and Mr. W. A. REESE, for appellee.

Mr. JUSTICE GODDARD delivered the opinion of the court.

This is an action brought by appellee, plaintiff below, to cancel a tax deed upon the grounds:  First, that the tax deed is void on its face; second, because the affidavit of the publication of notice of the tax sale was not made and deposited with the county clerk, as required by section 3884, Mills' Ann. Stats.

1.  The first ground is untenable.  The deed is substantially in the form provided by the statute, and we do not think the defect relied on affects its validity.

2.  It appears from the evidence that the county

clerk was unable, after making such a search among the papers in his offices as the trial court deemed sufficient, to find the affidavit of publication of the notice of the tax sale, which the statute provides shall be transmitted to the treasurer, and by him deposited with the county clerk.

The appellant, defendant below, offered to prove by Mr. Wall, who was treasurer at the time of the sale, and his deputy, that an affidavit in conformity with the statute, was made by the publisher of the paper in which the notice of the sale was published, and that he deposited the same with the county clerk. The trial court excluded this testimony.

While it is well settled that the fact of the publication of notice of a tax sale can be proved only by the affidavit provided in the statute, and unless so proved, the sale is void, and the absence of such affidavit and notice from the office of the county clerk, may be sufficient to overcome the *prima facie* presumption furnished by the tax deed that such proof was made, nevertheless, if the necessary affidavit was made and deposited, in compliance with the requirements of the statute, this fact may be established by satisfactory parol testimony.

The ultimate and controlling fact to be determined is: Was the notice of the tax sale proved, as the law requires, and was this proof placed in the designated depository? What we decide is, that the mere fact that the affidavit and notice was not found in the office of the county clerk, is not conclusive of this question, but that parol evidence may be resorted to, to ascertain whether the proof was originally made and deposited, as the statute requires.

Our conclusion is that the evidence offered was admissible, and that the trial court erred in excluding it. This conclusion in no way contravenes the former rulings of this court, that the proof of the

publication of a tax sale can only be made in the manner provided by the statute.

The judgment is reversed.        *Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE BAILEY concur.