[No. 8023.]

CENTRAL TRUST COMPANY v. CULVER.

1. APPEAL AND ERROR—*Finding on Conflicting Evidence*, where there is sufficient to support it is conclusive. (335)

2. ——*Error to Court of Appeals*. The Supreme Court is restricted by Rule 50 to the consideration of questions which, in the Court of Appeals, are presented and considered on petition for rehearing.

The rule applies to both parties. (336)

*Error to the Court of Appeals.*

Mr. HUGH McLEAN, for plaintiff in error.

Mr. JOHN A. RUSH, for defendant in error.

Per Curiam:   (*En Banc.*)

Cary Culver brought an action against plaintiff in error to restrain the latter from diverting water from the Little Thompson for the purpose of irrigation. The only issue involved, so far as necessary to consider, was whether the rights awarded the priority under which defendant claimed, had been abandoned. Trial was to the court, and upon conflicting testimony this issue was determined in favor of plaintiff. Defendant appealed to the Supreme Court, where the judgment was reversed, and the cause remanded for a new trial upon the ground that material, competent, testimony offered on behalf of defendant had been excluded.—*Central Trust Co. v. Culver,* 35 Colo. 93, 83 Pac. 1064. Prior to the second trial Culver died, and his widow was substituted as plaintiff. A retrial of the cause again resulted in a judgment in favor of plaintiff, from which defendant appealed to this court. The cause was transferred to the Court of Appeals, where the judgment was affirmed.— *Central Trust Co. v. Culver,* 23 Colo. App. 317, 129 Pac. 253. The defendant brings the case here for review on error.

So far as material the issue at the second trial was the same as at the first, namely, abandonment, which was found in favor of plaintiff. The Court of Appeals refused to disturb the finding of fact on this issue, because it was based on conflicting evidence. This ruling was correct, because it appears there is sufficient testi-

mony to support the finding of the trial court on the subject of abandonment.

Counsel for defendant, however, urge that the Court of Appeals erred in sustaining the trial court in the reception of testimony, and in holding that plaintiff was not estopped or precluded from maintaining the action. From the facts narrated in the opinion of the Court of Appeals, and as disclosed by the record, we think the ruling of the Court of Appeals on these questions was correct.

The further point is made that the Court of Appeals overlooked another question upon which defendant relied for reversal of the judgment. From the opinion it appears that the Court of Appeals did not consider this question. It was called to the attention of the court by a petition for rehearing, but in our opinion the proposition is not applicable to the case.

Plaintiff has also filed cross-errors which were not passed upon by the Court of Appeals, although filed in that court. The record fails to disclose that plaintiff sought to have the questions thereby raised considered by a petition for rehearing. Rule 50 provides that the errors assigned to the judgment of the Court of Appeals shall be limited to those raised by such petition, which must be filed and considered before the party seeking a review of the judgment by the Supreme Court will be heard. This rule applies to both plaintiff and defendant in error.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

Decision *en banc.*