[No. 7953.]

## HERR V. GRADEN.

1. TAX TITLE—*Notice of Sale—Affidavit of Publication*, may be made by the foreman who had supervision of the press-room, looked after the insertion of all matters printed in the newspaper, read the proof and attended to the mailing list. (374, 375.)

The decision *contra*, in the same case, 22 Col. App. 511, overruled.

2. SUPREME COURT—*Jurisdiction—Error to Court of Appeals.* A judgment of the court of appeals, the effect of which is to divest the title to lands, unconditionally, involves a freehold, and error lies from this court to review such judgment. (375, 376.)

3. APPEALS AND ERROR—*Law of the Case.* The judgment of this court in a former appeal is the law of the case. (376.)

*Error to the Court of Appeals.*

Messrs. PERKINS & MAIN, for plaintiff in error.

Messrs. MCCLOSKEY & MOODY, for defendant in error.

GABBERT, C. J., delivered the opinion of the court.

Defendant in error as plaintiff, brought an action against plaintiff in error as defendant, to cancel a tax deed conveying a tract of land in La Plata county. Judgment was for plaintiff, from which the defendant appealed to this court. The cause was transferred to the Court of Appeals, where the judgment was affirmed, 22 Colo. App. 511, and defendant brings the case here for review on error.

In the complaint it was alleged: "That this plaintiff is informed and believes that no notice of tax sale was published in any newspaper in the said county of La Plata." At the trial defendant introduced an affidavit of the publication of the notice of the tax sale upon which his deed was predicated, which the trial court held was insufficient. The affidavit was made by W. S. Dornblaser, as printer of the paper in which the notice of the tax sale was published, and in all respects complied with the statute prescribing the form of such affidavit. Sec. 3884, Mills' Ann. Stat. It appears from the testimony that Dornblaser was neither the printer nor publisher of the paper, but was foreman for the publisher at the time the notice in question was published. At the time of the publication the statute required that: "Every printer who shall publish such list and notice shall, immediately after the last publication thereof, transmit to the treasurer of the proper county, an affidavit of such publication, made by such person to whom the fact of publication shall be known; * * *." It also prescribed that such affidavit may be substantially in the following form: "I, A.......B......., publisher (or printer) of the........., a........newspaper, printed and published in the county of............, and state of Colorado, do hereby certify that the foregoing notice and list were published in said newspaper, once in each week, for.............successive weeks, the last of which publication was made prior to the .....day of........., A. D........, and that copies of each number of said paper, in which said notice and list were published, were delivered by carriers or transmitted by mail to each of the subscribers of said paper, according to the accustomed mode of business in this office. * * *" Section 3884, *supra.* In construing this statute the Court of Appeals ruled that the clause requiring the affidavit to be "made by such person to whom the fact of publication shall be known," meant the printer or publisher of the paper,

having some title or proprietary interest therein, and that the affidavit must be made by such person.

By the statute under consideration, the printer who publishes a tax sale notice and list, shall immediately after the last publication transmit to the treasurer, proof of such publication. This consists of an affidavit which requires the affiant to state the number of weeks the notice was published, the date of the last publication with respect to the date of sale, and that copies of each number of the paper in which the notice was published were delivered by carriers, or transmitted by mail, to each of the subscribers of the paper. The important question then, is whether the person qualified to make the prescribed affidavit is limited to the printer or publisher having an interest in the paper. This must be ascertained by determining to whom "such person," in the clause requiring the affidavit to be "made by such person to whom the fact of publication shall be known," refers. The real purpose of the statute was to require an affidavit to be made by one having knowledge that the required publication was made. Evidently the legislature had in mind that the printer or publisher might not have knowledge of all the facts which would qualify him to make the prescribed affidavit. In such circumstances proof of publication could not be made in the manner the statute requires, and so the statute does not require him to transmit *his* affidavit, but *an affidavit* made "by such person to whom the fact of publication shall be known." It is, therefore, obvious that "such person" does not refer alone to the printer or publisher, but to one cognizant of the facts required to be stated in detail in the affidavit of publication. In other words, the clause under consideration is descriptive of the qualifications which the person making the affidavit must possess. Clearly the foreman for the publisher of the paper in which the tax sale notice was published, who, according to the testimony, had full supervision of the press room and all the employees, in so far as their duties related

to the mechanical department of the paper, looked after the insertion of advertisements and all other matters printed in the paper, read the proofs, directed where they should appear in the paper, delivered a copy of the list to the compositors, which after being set in type was delivered to, and by him made up into form and corrected, and who then put the forms in press, and attended to the mailing list, would know whether the notice and list had been published; and therefore, his affidavit was competent proof to establish the publication of the tax sale notice, and should have been so treated.

The case was twice tried in the District Court. At the first trial there was testimony tending to establish that the required affidavit of publication had been filed by the treasurer with the County Clerk and Recorder; and it is contended, on behalf of defendant in error, that if an affidavit of publication had been so filed previous to the filing of the Dornblaser affidavit, the latter could not be considered. This contention is based upon the ground that oral testimony of the contents of the previous affidavit, if lost, was the only competent evidence of the fact of publication. If this is correct, it is not applicable, for the reason that at the second trial there was no proof that a previous affidavit had been filed. The testimony referred to as supporting the claim that a previous affidavit had been filed which was lost, refers to the one introduced in evidence and under consideration.

It is next urged by counsel for defendant in error that the writ of error should be dismissed, because this court is without jurisdiction to review the judgment of the Court of Appeals, and that plaintiff in error waived his right to have the cause considered by the Supreme Court. By section 6 of the act creating the Court of Appeals, Laws of 1911, 269, it is provided that causes transferred from the Supreme Court to the Court of Appeals relating to a freehold, may be re-heard in the Supreme Court, by writ of error to the Court of Appeals. An action to annul a conveyance, the effect of

which would be to unconditionally divest the defendant of the title to real estate, and vest it in plaintiff involves a freehold, so as to give the Supreme Court jurisdiction to review the judgment therein. *Venner v. The Denver U. W. Co.* 32 Colo. 205, 75 Pac. 412.

It is also claimed by counsel for defendant in error that the Court of Appeals erred in holding that the tax deed was not void on its face. It may be that defendant in error is not entitled to have this question considered. *Central Trust Co. v. Culver,* 58 Colo. 334, 145 Pac. 684. But waiving this, when the case was here before, 33 Colo. 527, 81 Pac. 242, it was held that the tax deed involved was valid upon its face. This is the law of the case as correctly ruled by the Court of Appeals.

Counsel for plaintiff in error have called our attention to a second tax deed to the premises involved, which we do not think necessary to pass upon.

From the record before us it conclusively appears that the judgment of the District Court should have been in favor of the defendant, and the judgment of the Court of Appeals is, therefore, reversed, and the cause remanded with directions to reverse the judgment of the trial court, and remand the cause to that tribunal with directions to enter a judgment that plaintiff take nothing by his action, and to dismiss the cause at his costs.

*Judgment reversed and cause remanded with directions.*

Decision *en banc.*

SCOTT, J., and TELLER, J., not participating.