## No. 9866.

THE NEW MERCER DITCH COMPANY, ET AL. *v.* THE NEW CACHE LA POUDRE IRRIGATING DITCH COMPANY.

Decided June 6, 1921. Rehearing denied November 7, 1921.

Action involving abandonment of water right. Judgment for plaintiff.

### . *Affirmed.*

1. WATER RIGHTS—*Abandonment—Evidence.* Evidence in a water right abandonment case reviewed and held to justify the conclusion of abandonment.

2. *Abandonment—Evidence.* Evidence of abandonment must be of facts which occur after the entry of the adjudication de-

cree; but previous conditions, declarations of the parties and the adjudication proceedings resulting in the decree are competent to show subsequent conditions and intent.

3.   ACTIONS—*Water Abandonment—Change of Diversion.* The issue of abandonment may not be litigated in an action to change the point of diversion of water.

4.   LIMITATIONS—*Water Rights—Abandonment.* Section 3318 and sections 3313-3314, R. S. 1908, concerning limitations in irrigation matters, limit only the power to question original adjudication decrees of the right and measure of diversion. They have no application to suits for abandonment.

5.   ESTOPPEL—*Knowledge Essential.* Knowledge of conditions is an essential factor of estoppel, and if not established the estoppel fails.

6.   LACHES—*Time.* Delay for a shorter time than the statute of limitations is seldom regarded as sufficient to impute laches, unless opponents have been placed in a worse condition.

*Error to the District Court of Larimer County, Hon. Robert G. Strong, Judge.*

Mr. R. W. FLEMING, Mr. PAUL W. LEE, Mr. GEORGE H. SHAW, for plaintiffs in error.

Mr. HARRY N. HAYNES, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE defendant in error brought suit to enjoin plaintiffs in error from using more than 10 second feet of the adjudicated priority of the Josh Ames ditch, 35.91 second feet. Plaintiff alleged abandonment of the remainder, 25.91 second feet. The court enjoined the use of 10.91 of said 35.91 second feet, leaving to defendants the use of but 25. The defendants bring error.

The following points are argued: 1. That the evidence of abandonment was insufficient; 2. That incompetent and irrelevant evidence was admitted; 3. That the question of abandonment is *res adjudicata;* 4. That the relief is barred by the statute of limitations; 5. That the plaintiff

is estopped by conduct to claim abandonment; 6. That plaintiff is guilty of *laches*.

Omitting unnecessary details the facts are as follows: By the decree of 1882 there was adjudicated to the Josh Ames ditch 35.91 second feet of water from the Cache la Poudre river to irrigate about 640 acres, perhaps slightly more. There was a continuous use of this right by the owners of land under that ditch, thereafter; the amount of water used, however, is disputed. In 1912, a part of the stock of the Josh Ames corporation was sold to The New Mercer Ditch company, et al., and the diversion of 10 second feet of the water represented by this stock was transferred to the New Mercer headgate; a decree having been duly obtained to authorize the change. Thereafter the Josh Ames ditch, plaintiff claims, continued to use the same amount of water as before, so that the 10 second feet transferred was an additional diversion and use to the injury of juniors.

The plaintiff was a party to the transfer suit but did not appear though duly served. The present suit was begun November 2, 1916, more than four years after the decree of transfer.

1. We cannot say that the evidence was insufficient to show abandonment. The needs for irrigation under the Josh Ames ditch were much less than the appropriation, the ditch was for years in no condition to carry that amount and the greatest flow it could carry at any time after 1882 might, from the evidence, be found to be not over 25 second feet. There is, moreover, evidence that for twenty years after 1882, the land on which it was used needed much less than the appropriation and that much less was used thereon. The finding of the court, therefore, that not more than 25 second feet had been diverted since 1890, was justified, and this justifies the conclusion that 10.91 second feet had been abandoned.

2. We think the evidence the objections to which were overruled was proper. Evidence of abandonment must, of course, be of facts which occur after the decree which

awards the priorities, but previous conditions, declarations of the parties and the proceedings in the suit of which that decree is the result are competent to show conditions and intent subsequent to the decree. *Central Trust Co. v. Culver,* 23 Colo. App. 317, 321-2, 129 Pac. 253, Aff. 58 Colo. 334, 145 Pac. 684; *New Mercer D. Co. v. Armstrong,* 21 Colo. 357, 40 Pac. 989. What was a reasonable use on the land under the Josh Ames ditch, was, under the decisions in this state, relevant not only to intent, but to what was actually used.

3. It is claimed that the question here in litigation was determined in the suit for change of point of diversion, but we have several times held that that question could not be raised in such a suit. *Consolidated Co. v. Evans,* 59 Colo. 482, 485, 149 Pac. 834; consequently it is not *res adjudicata.*

4. We cannot see that any statute of limitations bars the present suit. It is urged that at least plaintiff's right to assert abandonment is barred by the two year limitation, R. S. 1908, § 3318, and by the four year limitation, R. S. 1908, §§ 3313-14; but we think those sections do not affect that question, but that they limit only the power to question the original decree of the right and measure of diversion.

5. It is pleaded as estoppel that the New Mercer Company purchased the stock representing the 10 second feet above mentioned subject to the success of the suit for the change of point of diversion to be paid for only if such change were permitted; that after the decree of permission the New Mercer ditch company paid a large sum for the water right and expended other moneys in respect thereto, all with knowledge of plaintiff, and that plaintiff acquiesced in and failed to object to the same. It is now claimed that it was plaintiff's duty to speak when it knew that the New Mercer company was going to buy and lay out money in respect to the stock and water and so spare that company from the loss now inflicted upon it. The plaintiff denies all knowledge of the matters above mentioned. This knowledge is, of course, an essential factor in the estoppel, and

if it is not proved the estoppel fails.

The plaintiff must be said to have had notice of whatever properly appeared in the pleadings in the suit for change of diversion. Those pleadings are not shown in the abstract of record, but we infer from the decree, which is shown, that the present plaintiff and its co-purchaser claimed in their petition to be then and there the owners of the rights the diversion of which was to be transferred and that there was nothing in that case to give notice that they had not already paid for them. There is no other proof of knowledge of or notice to plaintiff of conditions which would make delay harmful to the purchasers nor is any harm to them shown except the payment. We must say that there is no estoppel.

6. Was the plaintiff guilty of laches? Delay for a shorter time than the statute of limitations is seldom regarded as sufficient to impute laches unless opponents have been placed in a worse position. *Warren v. Adams,* 19 Colo. 515, 528, 36 Pac. 604. No such condition is shown. We must say that no laches appears.

Judgment affirmed.

MR. CHIEF JUSTICE SCOTT not participating.