No. 12,475.

Estate of Foley.

Kniffen v. Gavin, Administrator.

(293 Pac. 433)

Decided November 24, 1930.

Mr. John H. Voorhees, Mr. Fred A. Sabin, for plaintiff in error.

Mr. Miles G. Saunders, Mr. Edward F. Chambers, for defendant in error.

*In Department.*

Mr. Justice Butler delivered the opinion of the court.

Lillian Kniffen prosecutes this writ of error to reverse a judgment disallowing three items in her claim against the estate of Timothy H. Foley, deceased.

The parties have been here before. *Foley v. Gavin,* 76 Colo. 286, 230 Pac. 618; *Gavin v. Kniffen,* 82 Colo. 448, 261 Pac. 6.

On January 2, 1922, Foley died. Austin Gavin was

appointed administrator of the estate. Later, the plaintiff in error, who had been Foley's bookkeeper and clerk and who claimed to be his widow, sought, as "Lillian Foley," the removal of Gavin as administrator and the appointment of herself as administratrix. It was held that she never had been Foley's wife, and her application was denied. In the district court, on appeal, judgment went against her, and that judgment was affirmed in 1924. *Foley v. Gavin, supra.*

Having failed in her effort to be adjudged the widow of Foley and to be appointed administratrix of his estate, the plaintiff in error, in 1925, filed with the county court a claim against the estate. It contained many items aggregating about $16,000, and was verified by her in the name of "Lillian K. Foley." The county court rejected the claim in its entirety. On appeal, the district court allowed certain items and rejected others. Among the rejected items were three promissory notes that are in controversy here. They purport to be signed by Foley and are made payable to the order of Lillian Kniffen. One note, dated August 14, 1917, and payable one year after its date, is for $2,500; another, dated April 26, 1919, and payable three months after its date, is for $1,000; the third, dated April 22, 1921, and payable "six months (or when called for) after date," is for $1,200. Upon conflicting evidence, the court held that the purported signatures appearing on the three notes were forgeries, and for that reason these items were rejected. Gavin brought the matter here, and Lillian Kniffen filed cross-assignments of error. Because the trial court had refused to permit a handwriting expert, who had testified that in his opinion the signatures were genuine, to state the reasons for that opinion, and because the court had sustained an objection to the introduction in evidence of certain checks and deposit slips, we reversed the judgment, so far as the three notes now in controversy were concerned, and remanded the case for a new trial. *Gavin v. Kniffen, supra.* Upon a retrial, the evidence formerly ex-

cluded was admitted, and again the court found the issues in favor of Gavin and found specially that the notes in question "were not valid and subsisting claims and demands" against the estate.

Upon conflicting evidence, it has been found three times, once by the county court and twice by the district court, that the purported signatures of Foley appearing on the notes in question are forgeries. There was sufficient evidence to support the findings and the judgment. We perceive no reversible error in the record.

The judgment is affirmed.

Mr. CHIEF JUSTICE WHITFORD, MR. JUSTICE MOORE and MR. JUSTICE BURKE concur.