## QUINN *v.* QUINN

No. 2012

August 6, 1932.                    13 P.(2d) 221.

See, also, 53 Nev. 68, 71, 72; 292 P. 620; 295 P. 1111; 2 P.(2d) 130.

*Frame & Raffetto,* for Appellant:

*W. M. Kearney* and *Sidney W. Robinson,* for Respondent:

# OPINION

By the Court, SANDERS, J.:

This is a suit for a divorce tried with a jury. It was alleged that the parties entered into a common-law marriage in October, 1924, they having theretofore had a ceremonial marriage which was dissolved by a decree of court in September of the same year.

The plaintiff in the court below being the appellant here, the parties will be referred to as they were designated in the trial court.

The jury having brought in a verdict in favor of the defendant and judgment having been entered accordingly, an appeal was taken.

It is contended that the court erred in denying plaintiff's challenges for cause to jurors Caton and Yori, in admitting the deposition of Mabel Harrington, and in admitting the testimony of the witness Reber.

■■ While we do not think the court erred in overruling the challenges, we do not find it necessary to decide the point, for the reason that it appears from the record that both of the jurors mentioned were peremptorily challenged by the plaintiff and it does not appear from the record that plaintiff exhausted her peremptory challenges before the jury was accepted. In this situation she cannot complain. State v. Hartley, 22 Nev. 342, 40 P. 372, 28 L. R. A. 33. Nor could there have been any prejudice if an impartial jury was obtained, which is not denied. State v. Larkin, 11 Nev. 327; Sherman v. S. P. Co., 33 Nev. 385, 111 P. 416, 115 P. 909, Ann. Cas. 1914A, 287.

■ The court did not err in admitting in evidence the deposition of Mrs. Harrington. In April, 1926, she obtained from defendant an application for life insurance, in which the plaintiff is named as beneficiary. The application states that the beneficiary was the wife of the defendant. Mrs. Harrington testified that the application was written entirely by herself, except the signature of the defendant. She also testified that in response to the question in the application, "What is

the relationship of the beneficiary to you?" she wrote, "Wife"; that he (the defendant) "said not to put wife. They were divorced. * * * But I put it anyway. I should have put 'ex-wife' or 'divorced wife,' but I didn't think fast enough."

Mrs. Harrington's testimony is objected to on the ground that it tends to contradict a written instrument and that it is self-serving. We do not think the statement can be said to be objectionable as a self-serving declaration, for the reason hereinafter given in relation to the testimony of the witness Reber. Nor do we think it is objectionable on the ground that it tends to contradict a written instrument. The rule relied upon applies to writings signed by both parties to the litigation or their representatives, and by which both are bound. The plaintiff did not sign the application and was not bound by the statement of the defendant. Bank of California v. White, 14 Nev. 373; 2 Abbott's Trial Enc. (4th ed.) p. 883. See, also, 5 Wigmore on Ev. (2d ed.) sec. 2446.

■ We do not think the court erred in admitting in evidence the testimony of the witness Reber. The witness testified that at the time at which the conversation to which he testified to was had with the defendant, which was about six months after the divorce, the plaintiff was running the Vendome Hotel, and the defendant the Grand; that he was rooming at the Grand; and that on the occasion in question he stated to the defendant, "You look to me as though you are sneaking back," to which the defendant replied: "Not by a damned sight. There is no such thing as a marriage for me again."

While the authorities are divided on the question, the decided weight of authority is in favor of the admission of such declarations, though they are held to be entitled to but little weight when not made in the presence of the other party. 1 Abbott's Trial Ev., sec. 154; Beck v. Utah-Idaho Sugar Co., 59 Utah, 314, 203 P. 647; Coleman v. James, 67 Okl. 112, 169 P. 1064; In Re Foley's

Estate, 76 Colo. 286, 230 P. 618; Topper v. Perry, 197 Mo. 531, 95 S. W. 203, 114 Am. St. Rep. 777.

For the reasons given it is ordered that the judgment be affirmed.

### ON PETITION FOR REHEARING

December 12, 1932.

*Per Curiam:*

Rehearing denied.