No. 13,961.

Luxen v. Town of Rifle et al.
(69 P. [2d] 251)

Decided May 24, 1937. Rehearing denied June 21, 1937.

Messrs. McMULLIN, STERNBERG & HELMAN, Mr. FRANK DELANEY, for plaintiff in error.

Messrs. PERSHING, NYE, BOSWORTH & DICK, Mr. HAROLD E. POPHAM, for defendants in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

PLAINTIFF in error brought suit in the trial court to enjoin the town of Rifle, a municipal corporation in Garfield county, from using more than its alleged allotment of water from Beaver Creek in said county. Demurrers were filed by the defendants, which were overruled, and a temporary restraining order was entered, after which the defendants answered, setting up the defenses of statute of limitations, estoppel, and res judicata. The replication sought to void these defenses by setting up

the plea of acquisition by adverse use. The defendants then demurred to the replication on grounds of departure. The trial court, on the theory that the last demurrer searched the record, sustained it to the original complaint and dismissed the proceeding. The plaintiff brings the action here for review. Assignments of error were based upon the court's ruling on the various defenses and departure in the replication, but we dispose of all of them in determining whether the complaint stated a cause of action.

The parties will be referred to as the plaintiff and the town.

Plaintiff is claiming his water under Clausen Ditch No. 8, and the town under Starke Ditch No. 15. Under the original decree entered in 1888, Clausen was given 65 cubic feet of water per minute of time and Starke 55, for irrigation. In 1890, on a petition for review by Starke, the court modified the decree by giving them equality in time and volume, i. e., 60 cubic feet of water per minute of time on said Beaver Creek. The decree further provided that in the event that the supply was less than 120 cubic feet of water per minute of time, that the said Clausen and Starke Ditches were to have the use of the water, share and share alike.

In 1906 the town, having acquired the Starke priority, filed a petition with the court under the 1903 statute (S. L. 1903, p. 278; §§1706 to 1711, C. L. 1921; §§104 to 109, c. 90, vol. 3, '35 C. S. A.), to change the point of diversion in the Starke priority asking for "the transfer of said priority right No. 18 or such portion thereof as may be necessary for the use of said town through its pipe lines and water works system for domestic, street sprinkling, fire protection, irrigation of trees, flushing of streets and sewers, and such domestic, municipal or other beneficial purposes as may be necessary or convenient to the said town or its inhabitants, and for such other orders and decree in the premises as equity and justice may require and in such manner as may be provided by law."

The notice given to Joe Luxen, one of the respondents in the 1906 proceeding and the plaintiff's predecessor in interest, recited that "application will be made for a change of the point of diversion and place and character of use of the waters of the Starke Ditch."

A stipulation filed by the attorneys in the 1906 proceeding provided inter alia: "It is further understood that the decreed priority rights of all the parties respondents or those mentioned herein, either for irrigation or domestic purposes *shall not be considered interfered with hereby,* excepting that they shall all be subject and subsequent in point of time and right to the said priority No. 18, as changed by this proceeding."

The decree in said 1906 proceeding provided inter alia "that this direction shall not be construed to authorize the waste or unreasonably excessive use of said priority or any portion thereof."

From the record it appears that apparently there never had been any particular controversy about the amount of water available to those claiming under the Clausen and Starke ditches, down to the summer of 1932. But at that time, because of a shortage of water, it became necessary for the town of Rifle to use all of the water it could possibly get. Consequently, from 1906 to 1932, no one had any occasion to question the provisions of the 1906 decree.

The complaint in this action, after alleging general ownership of the 65 cubic feet of water per minute of time in the Clausen Ditch by virtue of direct acquisition from Joe Luxen, plaintiff's predecessor in interest, alleges in paragraph 13 as follows: "13. That at various times during the last three years, and particularly during the months of March, April, June and July, the flow of water in Beaver Creek has been less than 120 cubic feet of water per minute of time. That the defendant The Town of Rifle has proceeded to take through its pipe line all of the water in said creek and has, in order to divert said water, constructed a rock and dirt dam across the

channel of said Beaver Creek and turned all of the water in said creek into the pipe line of said Town of Rifle and has, by the means aforesaid, entirely deprived this plaintiff of any water whatsoever." The defendants in their answer specifically deny this allegation.

Under no possible theory, not even under the broad provisions of the 1906 decree, could the town take all of the water in said Beaver Creek. That decree was predicated upon the protection of those who had equal or superior vested rights to those of the Starke Ditch.

■ A judgment on matters not litigated cannot be res judicata as to them. It cannot with propriety be said that the facts the plaintiff is here complaining of were adjudicated by the 1906 decree. *Rollins v. Fearnley,* 45 Colo. 319, 101 Pac. 345, and *Davis v. Hurt,* 81 Colo. 10, 253 Pac. 394.

■ Sections 1784, 1785 and 1789, C. L. 1921 (§§182, 183, 187, c. 90, vol. 3, '35 C. S. A.), urged by the town as the statute of limitations against the complaint are not applicable here. These sections limit the power to question the decree only to the right and measure of diversion. *New Mercer Ditch Co. v. New Cache La Poudre Co.,* 70 Colo. 351, 201 Pac. 557.

■ Nor is the town's plea of estoppel maintainable. Plaintiff had no way of knowing that the town would ever attempt to take all of the water in Beaver Creek, and estoppel is available only against one who consciously acquiesces in something being done to his detriment, the other elements of estoppel being present. *New Mercer Ditch Co. v. New Cache La Poudre Co., supra.*

■ The plaintiff's alleged damages never having been litigated, he has a right to have them determined, and some order such as the temporary order entered herein and later dissolved, should be entered.

[5] Acquisition of title by adverse user set out in the replication is not a departure from the plea of general ownership in the complaint, because evidence to prove it (title by adverse user) would be receivable in proving

general ownership. *Wilson v. Birt,* 77 Colo. 206, 235 Pac. 563; *Hague v. Nephi Irrigation Co.,* 16 Utah 421, 52 Pac. 765, 41 L. R. A. 311, 67 Am. St. Rep. 634.

If the town needs plaintiff's water the law provides a method for its acquisition.

Accordingly, the judgment of the trial court must be reversed and the cause remanded for further proceedings not inconsistent herewith.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE YOUNG concur.